### Scovill *against* Seeley.

Where the plaintiff in an action of trespass *quare clausum fregit,* brought to the county court, averred, that he owned and possessed the *locus in quo,* and demanded seventy dollars in damages; on a demurrer to the declaration, it was adjudged insufficient, and the plaintiff appealed to the superior court; it was held, that it did not appear from the record, that the title of land was either drawn in question or determined; and as the matter in demand did not exceed seventy dollars, the cause was not appealable, and ought to be remanded.

This was an action of trespass *quare clausum fregit.* The declaration alleged, That on the 31st of *January,* 1838, the

plaintiff owned and possessed a certain tract of land, [describing it,] and while he owned and possessed the same, at *Stamford*, on said 31st day of *January*, the defendant, with force and arms, unlawfully broke into and upon said tract, and then and there, with like force and arms, did cut down and destroy 200 trees then and there standing and belonging to the plaintiff, of the value of 50 dollars, with other enormities ; to the damage of the plaintiff the sum of seventy dollars. This action was originally brought to the county court, and upon demurrer to the declaration, it was, by that court, adjudged to be insufficient ; and the cause was thereupon appealed, by the plaintiff, to the superior court. At the term of the latter court, in *September*, 1840, the defendant moved, that the action be remanded to the county court, to be proceeded with according to law, upon the ground that it was not appealable. This motion was reserved for the advice of this court.

*Fairfield*,
June, 1841.

Scovill
*v.*
Seeley.

*Booth* and *Ferris*, in support of the motion, contended, that this was an action to recover damages for cutting the plaintiff's trees ; that the title of the land was not in question, nor determined ; and consequently, that as the demand does not exceed seventy dollars, the cause was not appealable, and ought to be remanded to the county court.

*Hawley*, contra, insisted, that the action was appealable. It was brought to, and tried by, the county court, and the title of land was drawn in question, being explicitly averred in the declaration, and admitted by the demurrer. *Dunton* v. *Mead*, 6 *Conn. Rep.* 420. disposes of the question raised here. If this action be not appealable, ejectment demanding no more than seventy dollars, would not be.

CHURCH, J. The matter in demand, in this action, does not exceed seventy dollars ; and, by the general provision of the statute concerning civil actions, *sect.* 61. is not appealable. To make it so, the title of the land must have been drawn in question and determined ; and this can only appear to have been done, either by the pleadings in the case, or by the certificate of the county court. There was no certificate, in this case ; nor can it be inferred from the record, that the title of the land was either drawn in question, or determined.

*Fairfield,*
*June, 1841.*

Scovill
*v.*
Seeley.

The demurrer to the declaration placed nothing in question but the legal sufficiency of the allegations contained in it ; and the judgment rendered upon it determined nothing regarding the title of land. The plaintiff, to be sure, alleged ownership, as well as possession. This is a very common form of declaring, in actions of trespass ; and if the reasoning of the plaintiff be correct, title is drawn in question, in all cases, under such a form of declaration, let the defence be as it may. The demurrer admitted the truth of all the material averments, so that no matter of fact was drawn in question, none was in dispute, and none was determined by the judgment.

If the title to the land was in question in this case, in the county court, it has been, as between these parties, conclusively settled, and can no more be disturbed, in a future action, under any other form of pleading ;—a proposition to which the plaintiff, we presume, would not willingly assent.

Nothing was decided, by this court, in the case of *Dunton* v. *Mead, 6 Conn. Rep.* 418. which conflicts with the opinion here expressed.

We think, this cause was not appealable, and advise that it be remanded to the county court.

In this opinion the other Judges concurred.

*Cause not appealable, and remanded.*