MANSFIELD *against* CHURCH :

IN ERROR.

Where the plea to an action of trespass *qu. cl. fr.* was a general denial of the matters alleged in the declaration, accompanied with notice that the defendant would give in evidence, that the *locus in quo* was his soil and freehold, and that he had a right of way over it, at the several times when the acts complained of were committed, and that they were done in the lawful exercise of such right ; and after a verdict for the plaintiff, the judge acting on the trial made a certificate, that the title of the land and the right of way set up were directly in issue, and were decided by the jury ; which certificate was ordered to be and was placed upon record ; it was held, 1. that the notice was part of the plea, and taken together, they amounted to the same thing as if there had been a plea of title and also of a right of way ; 2. that the certificate, whether sanctioned by our practice or not, did no hurt, and was no ground of error ; 3. that the taxation of full costs for the plaintiff, shewed, of itself, the facts stated in such certificate ; 4. that consequently, the taxation of full costs was not erroneous.

THIS was an action of trespass *quare clausum fregit* and *de bonis asportatis,* brought by *Church* against *Mansfield.*

The declaration contained four counts; to which the defendant pleaded a general denial of the truth of the matters alledged therein. He also gave notice in writing, that he should give in evidence and offer to prove, on the trial of the cause, that the several pieces of land described in the declaration, were, when the several acts of the defendant are alledged to have been committed, the soil and freehold of the defendant, and he had right to do whatever acts were by him done in the premises ; also, that all the acts committed by him, as described in the declaration, were committed by the license, consent and permission of the plaintiff ; also, that at the several times mentioned in the declaration, the defendant owned a right of way over the several pieces of land described therein, and that whatever of said acts were done by the defendant, upon said land, were done by him, in the lawful exercise of such right.

On this issue and notice the cause was tried, at *Litchfield, February* term, 1851, before *Hinman,* J. The jury found the issue in favour of the plaintiff, and awarded him 22 dollars, 27 cents, damages, and his costs. The judge

thereupon accepted the verdict, and made the following certificate : " I certify, that upon the trial of this cause to the jury, upon the plea of the defendant, and the notice by him thereto annexed, the defendant claimed and offered evidence which was admitted, to prove title in himself to the land described in the first count of the declaration, and a right of way in himself over the land described in the second count, at the time of the commission of the trespasses therein complained of ; and on these grounds, he claimed, that he was not guilty. And the title of said land and the right of way were directly in question on the trial, and were submitted to the consideration of the jury, who decided the same, and thereupon returned a verdict for the plaintiff. It is therefore ordered, that this certificate be made a part of the record of this court in said cause. *Hinman,* J."

The plaintiff thereupon moved the court to order said certificate to become part of the record, and to tax full costs in his favour. The defendant objected, on the ground that the law would not justify the filing of any such certificate, and because the record could not legally be extended after the verdict of the jury had been returned into court and accepted, and on the ground, that by the statute concerning actions of trespass, the plaintiff could not, in this case, have judgment for any more costs than the amount of his damages found by the verdict ; the defendant insisting, that upon the trial of the cause to the jury, neither the title to land nor any right of way was in question ; and further, that under the declaration and pleadings, neither the title of land nor any right of way *could* be drawn in question so as to be decided between the parties. The court overruled the objections of the defendant, ordered said certificate to be made part of the record, taxed full costs for the plaintiff, amounting to 94 dollars, 64 cents, and rendered final judgment for the plaintiff to recover of the defendant the damages found by the verdict and the costs so taxed.

The defendant thereupon, by motion in error, brought the record before this court for revision.

*J. H. Hubbard* and *Peet,* for the plaintiff in error, contended, 1. That the decision of the court allowing full costs in this case, was erroneous.

The object of the statute in limiting the costs of a plaintiff to the amount of damages recovered, was, to discourage the litigation of matters of trifling importance before the higher courts. But when the title to land, the right of way, or the right to the use of water, are in question, then, as these are important and valuable rights, and as they are at stake, and are to be secured or lost, by the verdict and judgment, the action is not deemed of trifling importance, and they are excepted cases. *Rev. Stat.* 89. § 152.

But these important rights are not considered *in question,* within the meaning of the statute, unless an issue be formed upon them, so as to make them the principal object of the action, and so that the right may be *directly decided* and *settled. Bishop* v. *Seeley,* 18 *Conn. R.* 389. No lawyer will claim that the title of land or right of way is decided and settled between the parties, unless the record would operate as a *bar,* in any subsequent action involving the same dispute. The record in this case could not operate as a bar in any future suit, because there is not sufficient certainty upon which of the four counts the jury found their verdict. They may have found the title and right of way for the defendant, and for the plaintiff upon the 3d or 4th counts; and no court can say upon which count or counts the verdict was found. There being no certainty, there can be no bar.

Full costs are not allowed as compensation for extra expense, when these rights are in question; but because a justice's court has no power to settle a title to real estate; and when an issue is formed on these important rights, the cause becomes worthy of the dignity and learning of the higher tribunals.

If the statute was grounded upon the supposition that the expenses of the plaintiff are augmented, by the incidental examination of title, &c., then full costs may be claimed in an action of assault and battery, where the defendant, under the general issue, gives in evidence that the assault was in defence of his title to land, or a right of way. But it is not true, that the expenses are more often increased than diminished, by such a line of defence.

In this case, the title of land was not in question, within the meaning and intent of the statute, because no issue was formed upon it, and therefore it could not be settled. It is

true, it came incidentally in question, just as it might before a justice's court. It was incidentally resorted to, by the defendant, as a defence against the plaintiff's claim to damages; just as the defendant might have given in evidence award and satisfaction, or any other defence, under the general issue and notice.

The plaintiff might have had ample redress before a justice of the peace, where the defendant might have resorted to the same line of defence that he did in the superior court; and the justice would have had jurisdiction to decide every matter that was in dispute between the parties.

The plaintiff does not aver title in his declaration; nor has the defendant pleaded any title in himself. Then it is obvious, that no title has been in question so that it could be decided.

2. That the judge's certificate does not vary the case; and it certainly should not affect the right of the parties. In the first place, the certificate only shows just what the notice does; that title was *incidentally* in question; it could do no more, without contradicting the record.

But secondly, the certificate is not provided for, by the statute, and it is novel in *Connecticut* practice.

Thirdly, it should have been made, if at all, during the trial, and before verdict. *Plympton* v. *Baker*, 9 *Pick.* 70.

*Seymour* (a) and *Granger*, contra, contended, 1. That in the action of trespass, the title may be in question so as to entitle the plaintiff to full costs. A contrary doctrine is at war with the cases hereafter cited, and if correct, would annul the statute, which is, in substance, " If in the action of trespass, the title of land or the right of way is in question, the plaintiff is entitled to full costs."

This may be the only form for the plaintiff of testing a *right of way.* That question was certainly decided on the trial in this case, as the record shews. And it could not have been settled under the general denial, without notice.

How then in trespass is it to be made to appear, that the *title* or *right of way* " was in question ?"

(a) In place of *G. C. Woodruff*, Esq., who had previously been concerned in the case, and was then attending the legislature at *Hartford.*

It need not appear from the *plea.*

If that had been the intention of the legislature, they would have used appropriate language to express it.

Besides, if that was requisite, in no action of trespass could the plaintiff recover full costs, if the defendant should, under our recent statute, enter a general denial of the declaration. In such a case, although the sole question might be as to the title or right of way, the defendant would, by his general denial, defeat the plaintiff's right to full costs.

The fair construction of the statute is—If the question of title or right of way was, in *point of fact,* tried, the plaintiff is entitled to full costs, whatever the plea may be. Such will appear to have been the construction given to similar statutes, in the cases cited below. And the proper course to determine whether these matters were in question, is, for the judge to find and certify the fact.

Such has been the practice in *New-York,* previous to and under the statute revision of 1813. *Vol.* 1. *p.* 344. There, if the plaintiff recovers no more than 50 dollars, he recovers no costs in the supreme court, unless the title to land come in question. The statute does not provide how it shall be made to appear that the title came in question. *Farrington* v. *Rennie,* 2 *Caines,* 220. *Jackson* v. *Randall,* 11 *Johns. R.* 405. *Rogers* v. *McGregor,* 4 *Cowen,* 531. *Hubbell* v. *Rochester,* 8 *Cowen,* 115. *La Farge* v. *Eames,* 1 *Wend.* 99. *Mumford* v. *Withey, Id.* 279. 2 *Wheat. Selw.* 1045, 6.

The rule is the same in *Massachusetts.* Action of trespass, statement filed and *notice* of justification; held, that the title to real estate was drawn in question, and that the plaintiff was entitled to full costs. *Rider* v. *Hathaway,* 2 *Metc.* 96.

The decision in *Bishop* v. *Seeley,* 18 *Conn. R.* 389. does not conflict with these views. In that case, the general issue *alone* was pleaded. No *notice* of title or right of way was given. No *certificate* was made, that title was in question. Nothing appeared by the record to have been in question, but the plaintiff's possession and entry by the defendant.

In the present case, to the general denial was subjoined *notice of title* and right of way. The defendant claimed and attempted to prove both, on the trial. These were *submitted* to the jury, who *decided* the same. The judge *certi-*

*Litchfield,*
June, 1851.

Mansfield
*v.*
Church.

*fied* the facts.    The *record* shews these rights " were in ques-
tion."

So, in *Connecticut*, it has been held, in actions of trespass, under the plea of *not guilty*, " where the title was almost the only matter in dispute," that the plaintiff was entitled to full costs.    *Granger* v. *Hancock*, 2 *Root*, 88.    In this case, the *plea* certainly did not state that the title was in question ; and yet full costs were allowed, because, as a matter of fact, it was in question under the general issue.

It is objected by the plaintiff in error, that the law will not justify the filing of the certificate.    Under our new mode of pleading, some method should be devised, if none exists, to secure a plaintiff's rights under the statute under which we claim.    The court will always see, that all the material facts necessary to secure the rights of parties, are placed on the record.    The record is a roll—memorial—of the judge ; or remembrancer of the facts in the case.    *Co. Litt.* 260. *a.* It is a history of the case ; and if the fact that the title or right of way was in question, is material, it is the duty of the court to state it in the memorial, *i. e.* to place it on the record, either by certificate, or by direction to the clerk to enter it ; both of which have been done in this case.

It is further objected by the plaintiff in error, that the record cannot be extended, and that it is too late to move for a *certificate* after verdict.    During the term when any judicial act is done, the roll is alterable in that term, as the judge shall direct.    *Co. Litt.* 260. *a.*    The motion cannot be made before the trial commences ; for it would be anticipating what might not happen.    Nor during the trial.    The court would not suffer the interruption.    It need not be done till after verdict ; for the verdict may be for the defendant, and thus the motion would be unnecessary.    The only proper time is after verdict, during the same term.

But it does not appear from the *record, when* it was made. The motion in error contains properly no part of the previous history of the case.    That properly only asks for an inspection of a record, presumed to be already made.    This court will then either see or presume that the motion for certificate was made in due time.

2. That if it ought to appear from the pleadings, that these rights were in question, a *notice* under the general

denial of a right of way or of title, is, so far as regards costs, equivalent to a *plea* of title or right of way.

Under our new statute, it entitles the defendant to all the rights of a special plea.

Under the *New-York* revised statutes of 1829, *p.* 613. § 3. a plaintiff is entitled to costs, in all actions in which the title to land or a right of way "shall have been put in issue, by the pleadings, or shall have come in question on the trial of the cause."

Under this statute, it was decided, that if the defendant, in trespass, instead of pleading a justification, gives *notice* thereof, the plaintiff is entitled to full costs, though he recovers less than 50 dollars damages. *Radley* v. *Brice,* 6 *Wend.* 539.

*Nelson,* J. said "A notice of justification subjoined to the general issue in an action of trespass, is equivalent to a *special plea,* and as effectually puts the title in issue. The rights of the plaintiff are the same as if the matter set forth in the notice had been spread out in a *plea.*"

HINMAN, J. The question raised on this motion, is, whether the superior court erred in taxing full costs in favour of the defendant in error, who, as plaintiff below, in an action of trespass *quare clausum,* recovered against the plaintiff in error something less than thirty-five dollars damages.

The plea to the action of trespass was, a general denial of the matters contained in the declaration, accompanied with notice, that the defendant would give in evidence, that the land described in the declaration, was the soil and freehold of the defendant, at the several times when, &c. ; and, also, that he would prove, that at the several times when, &c., the defendant had and owned a right of way over and across the said lands, and that the trespasses mentioned in the declaration were committed in the lawful exercise of said right. And from the certificate of the judge, before whom the trial was had, it appears, that the defence really made and relied upon, was, the defendant's title to the land described in one count, and a right of way in himself over the land described in another count ; and that on these grounds he claimed, he was not guilty ; and that the title to land, and the right of way set up, were directly in issue, and were decided by the jury.

*Litchfield,*
June, 1851.

Mansfield
*v.*
Church.

It is obvious, from this statement, that the case falls directly within the words of the exception of the statute, prescribing, that in certain cases, no more costs than damages shall be recovered ; and, consequently, the plaintiff was entitled to full costs, unless the form of the proceeding was such as to deprive him of it. *Rev. Stat. p.* 89. § 152.

The plaintiff in error insists, that unless an issue is directly formed upon the question of title, or right of way, so that the right may be directly decided, that full costs cannot be taxed ; and he cites the case of *Bishop* v. *Seeley*, 18 *Conn. R.* 389. as sustaining this position. To a certain extent, he is undoubtedly sustained, by that case. The court held, that, where the record consisted of nothing but a declaration in trespass, with the general issue pleaded to it, nothing was put in issue but the plaintiff's possession of the land and the defendant's entry upon it ; and although the title might have been incidentally involved in the case, yet, that it was not so involved that it could be decided and the dispute between the parties settled ; and on this ground full costs were denied in that case. The decision in that case, went as far, as a fair construction of the statute would justify ; perhaps farther than a literal regard to its terms would allow, certainly farther than the courts of *New-York* and some other states have gone upon similar statutes. Still, we feel no disposition to disregard that decision. As we then said, so we still hold, that it was not the intention of the statute to give full costs in an action of assault and battery merely because the title to land is incidentally involved in it.

But in the case under consideration, the title to land and the right of way were both involved, not incidentally, but directly. These rights were directly within the issue ; for the issue, though formed upon the general issue pleaded, yet that is to be taken with the accompanying notice, which is but a part of it ; and altogether, they amount to the same thing as if there had been a plea of title, and also of a right of way ; and in this aspect of it, the title and right of way claimed, were directly in issue, and were decided by the jury.

That this was so *in fact*, appears by the certificate of the judge. Whether that certificate is in conformity to our practice, is a matter of no importance : perhaps it was un-

necessary, as the taxing of full costs might well enough be considered as, of itself, equivalent to a certificate that such right was involved in the trial. But it can do no hurt; and inasmuch as, by the pleadings, it appears that the title to land and the right of way set up, might be directly involved; and as it is shown, by the taxation of full costs, that they, or one of them, were so involved; we think there is no error in the record.

The other judges were of the same opinion, except CHURCH, Ch. J., who gave no opinion, being related to one of the parties.

Judgment affirmed.