## ARNOLD *vs.* KELLOGG.

Where in an action of trespass *qu. cl. fr.* to which the only plea was the general issue, the plaintiff recovered less than thirty-five dollars damages, and after verdict the judge made a certificate, that the defendant, admitting his entries upon a part of the land in the plaintiff's declaration described, claimed that he was the owner in fee of all that part of said land, and that on that ground his entries were justifiable; and the jury found that the defendant had title to a part, but not to the whole of said land claimed by him, and on which he entered; it was held, that no more costs could be taxed in favor of the plaintiff, than the amount of damages recovered.

The case of *Bishop* v. *Seeley*, 18 Conn. R., 389, cited and approved.

THIS was an action of trespass *qu. cl. fr.*, brought originally to the superior court; to which the general issue was pleaded.

The cause was tried at Hartford, at the term holden in December 1855, when the jury returned a verdict in favor of the plaintiff, for five dollars damages and her costs. The

court accepted the verdict, and made the following certificate.

"I certify, that upon the trial of the above entitled cause to the jury, upon the plea of the general issue, the defendant, admitting his entries upon a part of the land in the plaintiff's declaration mentioned, claimed that he was himself the owner in fee of all that part of said land, and on that ground he claimed that his said entries were justifiable. And the jury having returned a verdict for the plaintiff to recover the sum of five dollars damages, being inquired of by the court, at the request of the defendant, said that they found that the defendant had title to a part, but not to the whole of said land, which he claimed, and on which he had entered, and had given their verdict against the defendant, because of his said entries upon the plaintiff's land beyond the line of the land to which his title extended : and it is ordered that this certificate be made part of the record in said cause, but that no more costs than the amount of damages given by said verdict, be taxed in the plaintiff's favor."

The plaintiff by motion in error thereupon brought the record before this court, assigning as error, that the title to land was in question, and that the court allowed no more costs than damages.

*Welles* and *Chapman*, for the plaintiff.

*Hubbard*, for the defendant.

HINMAN, J. The question in this case is the same in substance, as was decided in *Bishop* v. *Seeley*, 18 Conn. R., 389, and must be governed by that decision. To the doctrine of that case we expressed our adherence in the late case of *Mansfield* v. *Church*, 21 Conn. R., 73.

There must be some limit to the exception as to costs, contained in the 152d section of the act for the regulation of civil actions, or, as was said in the case of *Bishop* v. *Seeley*, a party would be entitled to full costs in an action of slander, or assault and battery, where the title to land should incidentally come in question on the trial; which we presume

no one would claim to have been intended ; and wherever the line is drawn, there will arise cases on each side of it, so near each other, as to render it difficult to give any other reason for giving full costs in one, and refusing to do so in the other, than that such is the rule, founded on decisions of the highest court. Where there is no plea or notice of title, there is no direct issue upon the question of title, as there is under a plea of title ; and, if there is a notice that the defendant's title to the land in controversy will be relied upon, the case, if it turns and is decided on that question, falls within the letter and spirit of the exception. But if we go further, and attempt to make the dividing line one of exact justice in every case, it would be impossible to fix any intelligible limitation to the exception. And to give full costs in every case in which a question of title may arise, without reference to the amount of damages recovered, we are satisfied was not the intention of the legislature. We are of opinion therefore, that there is no error in the judgment complained of.

In this opinion, the other judges, WAITE and STORRS, concurred.

Judgment affirmed.