## MINER WHITE *vs.* HORACE FULLER.

The act of 1866 provides that in all actions of trespass and trespass on the case brought to the Superior Court in which the damages recovered shall not exceed $35 the plaintiff shall recover no more costs than damages, unless the title to

land, a right of way, or the right to the use of water shall have been in ques-
tion. Where trespass on the case for the wrongful diversion of water was
brought to the Superior Court and the defendant denied merely the doing of
the acts charged and not the right claimed, and the jury rendered a verdict for
the plaintiff for six cents damages, it was held that the plaintiff could recover
only that amount of cost.

TRESPASS ON THE CASE for the diversion of water ; brought
to the Superior Court in Hartford county. The defendant
pleaded a general denial and the jury returned a verdict for
the plaintiff for six cents damages. The act of 1866 provides
that "in all actions of trespass and trespass on the case tried
in the Superior Court, if the damages found by the verdict of
the jury or otherwise shall not exceed thirty-five dollars, the
plaintiff shall recover no more cost than damages, unless the
title of land, the right of way or the right to the use of water
is in question ; provided, that when the defendant in either
of the actions aforesaid shall remove such action by appeal
from a justice of the peace to the Superior Court, the plain-
tiff, on recovering judgment against the defendant, shall
recover his full costs of suit." The plaintiff moved to
be allowed full costs. On this motion the court (*Pardee,
J.,*) found, and put the finding upon the record, that on
the trial the plaintiff offered evidence to prove, and claimed
to have proved, his right to the use of the water and that the
defendant did the acts set forth in the declaration ; and that
the defendant offered no evidence to disprove the right claimed
by the plaintiff, but offered evidence only to prove that he did
not do the acts complained of. The court thereupon denied
the motion, and ordered that the sum of six cents only be
allowed for costs.

The plaintiff brought the record before this court by motion
in error.

*C. E. Perkins,* for the plaintiff.

*Calhoun,* for the defendant.

PARK, J. If the plaintiff is entitled to recover full costs
in this case, it is difficult to conceive a case of the kind where

the provisions of the act in question would apply. The right of the plaintiff to the use of the water was not put in issue by the pleadings of the parties, nor was it controverted on the trial. The case is an extreme one for the application of the statute, and if it does not apply to it it must be conceded it can apply to no case of this description. The plaintiff relies upon the fact that to succeed in his suit it was necessary to state in his declaration his right to the use of the water and prove it on the trial. But such a necessity is not peculiar to actions of trespass and trespass on the case. A declaration in all cases must show upon its face a right in the plaintiff to the thing which he claims. The legislature understood this when they passed the law in question. They knew that in actions brought for the diversion of streams of water the plaintiff must state his right to the use of the water in his declaration, and prove it on the trial, but still they declared that he should recover no more costs than damages if he brought his action directly to the Superior Court and recovered a sum in damages not exceeding thirty-five dollars, unless his right to the use of the water should have been brought in question on the trial. The design of the statute is obvious. It is that cases of trespass and trespass on the case of small importance may be first tried by justices of the peace, in the expectation that most of them will be finally disposed of there, to the great relief of the higher courts, at less expense to the parties, and at no expense to the state.

But the statute does not deem justices of the peace quali fied to try the title to land, a right of way, or the right to the use of water, and an exception is therefore made of cases where parties claim to have been injured in the enjoyment of these rights, and such rights are contested on the trial.

But in a case like the present, where the right of the plain tiff to the use of the water was not called in question by the pleadings of the parties, and was not controverted by evidence on the trial, but the right was virtually conceded to be in the plaintiff, and the only controversy was as to the doing by the defendant of the acts complained of, there is no reason for discrimination in favor of the plaintiff in respect to costs.

The case does not come within the object of the exception. A justice of the peace was as well qualified to try it as he would be any other case, and it should therefore be governed by the general rule.

The plaintiff claims that this construction of the law puts it in the power of the defendant in all cases to subject the plaintiff to the loss of his costs under the statute. This is true in theory, but in practice the plaintiff runs but little risk. In most cases he knows when he brings his suit whether the right he sets up will be controverted or not. If he entertains doubt on the subject he can easily protect himself by bringing his action before some justice of the peace, and then remove his cause to the Superior Court by appeal if his right is contested. But if this were not so the claim of the plaintiff furnishes no reason for giving a construction to the law that would nullify its provisions. We must construe the act as we find it. Our province is simply judicial, and when we declare what the law is our duty is fully performed.

The following cases have an important bearing upon the question in this case. *Scovill* v. *Seeley*, 14 Conn., 238 ; *Bishop* v. *Seeley*, 18 Conn., 389 ; *Mansfield* v. *Church*, 21 Conn., 73 ; *Arnold* v. *Kellogg*, 25 Conn., 248.

There is no error in the judgment complained of.

In this opinion the other judges concurred.