ELLIS B. FOWLER AND OTHERS vs. WILLIAM W. FOWLER AND ANOTHER.

The statute (Gen. Statutes, p. 445, sec. 8,) provides, with regard to actions of tort, in certain courts, that " if the damages recovered do not exceed fifty dollars the plaintiff shall recover no more costs than damages, unless the title to property or a right of way or to the use of water is in question, the value of which property or right is found to exceed fifty dollars." Held not enough that the title was in fact in question, nor that the judge so certified, but that the record itself must show the title directly put in issue, and that too in such a manner as to settle conclusively between the parties not only the question of trespass but the title also; and that to this end a special plea of title or the general issue with notice of a claim of title, is required.

In relation to this matter the scope and effect of the general issue under the old practice and of the general denial under the new, are the same.

Whether a judgment in such actions for full costs necessarily involves, as a presumption of law, a finding that the value of the property exceeded fifty dollars: Quœre.

ACTION for a trespass to land; brought to the Court of Common Pleas, and tried to the court on a general denial, before Torrance, J. Facts found and judgment for the plaintiffs. Appeal by the defendants. The case is fully stated in the opinion.

W. B. Stoddard, for the appellants.

C. S. Hamilton, for the appellees.

Fowler *v.* Fowler.

LOOMIS, J. The complaint in this case is for trespass to land which it was alleged that the plaintiffs owned and possessed. The plea was the general issue. The court rendered judgment for the plaintiffs to recover ten dollars damages, with full costs, which exceeded that sum. The presiding judge made a certificate that the title was actually put in issue, but omitted to find that the value of the property in dispute exceeded the sum of fifty dollars. The question is whether the plaintiffs can recover any more costs than damages.

The answer depends upon the construction of section 8, page 445, of the General Statutes, which provides, with regard to actions in the Superior Court and Court of Common Pleas, " that in all actions of tort, * * if the damages do not exceed fifty dollars, the plaintiff shall recover no more costs than damages, unless the title to property, or a right of way, or to the use of water is in question, the value of which property or right is found to exceed fifty dollars."

In this case two things are essential to support the judgment of the court for full costs :—1st, the title to the land must have been in question; and, 2d, the value of the property must have been found to exceed fifty dollars.

This last provision was first incorporated in the statutes in the year 1867 (Session Laws of that year, page 69). In other respects there has been no substantial change in the statute since 1838, except changing the damages from thirty-five to fifty dollars. All the decisions of this court therefore, showing under what circumstances the title may be considered as in question, are applicable to this case. *Scoville* v. *Seeley*, 14 Conn., 138; *Bishop* v. *Seeley*, 18 id., 394; *Mansfield* v. *Church*, 21 id., 80; *Arnold* v. *Kellogg*, 25 id., 248; *White* v. *Fuller*, 36 id., 150.

By these decisions it has been determined that in order to come within the exception of the statute it is not enough that the title in fact was in question, nor that the judge so certified, but back of all this the record itself must show the title directly put in issue, and that too in such manner

as to settle conclusively not only the question of trespass but the title as well between the plaintiff and defendant; and it has been uniformly held that to this end a special plea of title or the general issue with notice of claim of title was required.

But the claim is that the former decisions of this court are inapplicable to the present case, because the complaint alleges ownership as well as possession in the plaintiffs, and in such case under the Practice Act it is said a general denial puts the title in issue. The act itself however, (p. 2, section 3,) says, " Under a general denial the plaintiff shall be bound to prove the material facts alleged in the complaint," which is the same language used in defining the scope of our former statutory general issue. General Statutes, p. 424, sec. 10. And the same language in substance is used in Gould's Treatise on Pleading, p. 306, sec. 8, as to the office of the general issue at common law. In *Scoville* v. *Seeley*, supra, the declaration alleged distinctly that the plaintiff owned and possessed the *locus*, and it was specially urged that with such a declaration the general issue would put the title in question. The court said this was a very common mode of declaring, but that the title was not thereby directly put in issue within the meaning of the statute. In *White* v. *Fuller*, supra, the action was for diverting water, and the plaintiff alleged his right to use the water diverted, but it was held that this was not enough to bring the case within the exception of the statute, where the right to the use of water was in question.

In the other cases cited it does not appear in the report whether ownership was alleged or not, but the principles affirmed would seem to render it immaterial.

In *Arnold* v. *Kellogg*, supra, the court said:—" Where there is no plea or notice of title there is no direct issue upon the question of title." In *Bishop* v. *Seeley*, supra, the court said:—" It is true the title to land did in a certain sense come in question incidentally, but it was not so in question as that it could be decided and the dispute between the parties settled."

We see no good reason why the same principles are not equally applicable to a complaint for trespass *quare clausum fregit* under the Practice Act. The grounds of recovery are identical. The gist of the action is the same. It is still a mere possessory action and possession alone will maintain it so far as the plaintiff's right is concerned. The person in possession the law regards as owner, except in a contest with one who has the true title. *Mallett* v. *White*, 52 Conn., 50; 2 Waterman on Trespass, § 909.

The allegation of ownership in the plaintiff in addition to possession was unnecessary under the old practice, though it was not uncommon; it is equally unnecessary under the new procedure. In either case if inserted it signified nothing as to any direct issue between the parties as to title, and only required the plaintiff to prove such an interest as would enable him to maintain the suit. Proof of possession alone would suffice unless a better title appeared in another.

As applicable to this action and to the question under consideration, we think the scope and effect of the general issue under the old practice and of the general denial under the new are identical. The denial under the latter never states facts, it simply denies facts, and those only that are material to the plaintiff's case. If title as well as possession happen to be alleged and the denial should be considered as applying to the title of the plaintiff, it asserts nothing as to the defendant's title, and it cannot be regarded as directly put in issue. The defendant under the denial of the Practice Act can undoubtedly show title in a third person to defeat the plaintiff's suit, but that settles nothing in regard to title (it could not as between the plaintiff and a third person,) for any other purpose.

Now under the old practice it was distinctly decided in *Chatham* v. *Brainard*, 11 Conn., 60, that the defendant in an action of trespass *quare clausum fregit* might show title in a third person to defeat the action under the general issue alone; and in 1 Swift's Revised Digest, 670, under the head of the plea in trespass to land, it is said that the defen-

dant "may show under the general issue that the title and possession were in another besides the plaintiff. He may show a right of way in himself or that the title is in himself, under the general issue." This last proposition is sustained by decisions in Massachusetts; but we are not aware of any decision by this court that goes to that extent. In trials before the Superior Court we think such a defense has been allowed, but the title has been used incidentally for the mere purpose of defeating the plaintiff's right to recover.

In the Rules made by the judges pursuant to the provisions of the Practice Act, page 16, section 6, after stating the general rule as to what may be proved under a denial and giving some instances where special pleas are required, the section concludes as follows:—"While advantage may be taken, under a simple denial, of such defenses as contributory negligence, the statute of frauds, or *the title in a third person* to what the plaintiff sues upon or *alleges to be his own.*" The omission of any reference to title in the defendant and the confining of the proof under the denial to title in a third person, even where the thing is alleged to belong to the plaintiff or "to be his own," is certainly significant, and involves a strong implication that title in the defendant should be specially pleaded.

The positions taken in this discussion will be found strongly supported by the reasoning of the court in the case of *Rathbone* v. *McConnell*, 20 Barb., 311. The question was one of costs, depending as in the case at bar on the question whether the pleadings presented a claim of title. The complaint alleged that the "plaintiff for a long time past has been and still is the owner and in the possession of" certain described lands. The wrongful act was the diversion of a watercourse from the land of the plaintiff. The answer was a general denial, and the question arose under the code pleading of the state of New York. STRONG, J., in giving the opinion of the court said:—"In order to determine whether a claim of title to real property arises on the pleadings, within the meaning of section 304 of the

Fowler *v.* Fowler.

code, it is important to consider what was necessary to be proved on the part of the plaintiff upon the issue in order to maintain the action. * * It was obviously not necessary for the plaintiff to prove in regard to his right or interest anything further than that he was in possession at the time of the injury. * * The party in possession was the proper person to bring the action. The owner, if not in possession, could not maintain an action except for an injury to his reversionary interest, and under a complaint presenting such a case. * * As the complaint in this case is framed, the injury to the possession is the gist of the action. The allegation of ownership does not enlarge the issue to be tried. An issue upon the ownership alone, aside from the question of possession, would be immaterial."

We have omitted the references to numerous authorities, and have only quoted a few propositions from this elaborate opinion, but enough has been given to show how conclusive was the reasoning and how completely it applies to the case at bar.

As our conclusion is that the judgment for full costs was erroneous upon the first ground, it is unnecessary to consider the other question, namely, whether the mere judgment for full costs necessarily involves, as a presumption of law, a finding that the value of the property exceeded fifty dollars? There is a dictum, or rather suggestion, of such a principle in *Mansfield* v. *Church*, 21 Conn., 80.

There was error in the judgment complained of, and it is reversed so far as it allows more costs than damages.

In this opinion the other judges concurred.