CHIEF JUSTICE PRYOR
delivered the opinion of the court.
The evidence in this case shows that the appellee is the owner and cultivates the island known as Six-mile Island, situated in the Ohio River, a short distance above the city of Louisville. The island is much nearer the Indiana than the Kentucky shore, and the usual place for landing from the island is on the Indiana side of the river. It is shown that navigation between the island and the Kentucky shore is difficult and often dangerous, and the residents on the island have *582 but little if ar#y communication with those living on the Kentucky shore, because of the difficulty in landing and the danger of navigation. This island lies within and composes a part of what is known as Harrod’s Creek precinct, in the county of Jefferson. In the year 1873, the legislature passed an act under which this precinct was taxed for the payment of certain bonds issued to construct a narrow-gauge railroad through the precinct and extending some distance up the Ohio River. The bonds were, issued as the bonds of the precinct, and the constitutionality of the act is not questioned, except in its application to appellant, or the property owned by him, - known as Six-mile Island. The question, as to whether the subscription of stock should be made, was submitted to the qualified voters of the precinct, and resulted in favor of the subscription. The complaint made by the appellee is, that he has derived no benefit from the improvement, and, by reason of the peculiar location of his land, can never derive any.
The power on the part of the legislature to establish this district, or to authorize the particular precinct to vote the tax, is conceded, and the fact that the local improvement has been, or is being constructed in the taxing district, is also admitted, and in such a case it seems to us the legislative discretion on the subject must control. This court has so often determined that such power existed in the legislature of this state, that it is no longer an open question; and the benefits to be derived by those living in the locality of the improvement, having been determined by the legislature in passing the act under which the tax was imposed, this court has no revisory power over it. In the judgment of the legislature this taxing district is benefited by the improvement, and the fact that an actual benefit is not derived by one living in a remote part of the. district, or where it is difficult to approach the road or highway, is no argument against the imposition of the burden. It is true that the legislature may exceed its power, and there *583 must be some constitutional restraint upon its exercise; still, the legislation in this case is not open to any such constitutional objection. Whole counties as well as districts have been taxed within the limits of the state for the construction of such improvements. In this case the precinct in which the tax is to be imposed is clearly defined, and the improvement located and constructed within its limits. Tax-payers living within this district may own property adjacent to another line of railway, and where the construction of the road would be of no convenience to them, or would not increase the value of their property; others may be so located with reference to the road as to be unable to reach it without constructing other roads, that would cost greatly more than the property owned by them. And again, one might be unable to travel by reason of age or bodily infirmity, or own no land the value of which could be increased by the improvement. All such individual cases might be made manifest from the proof, until half of the tax-payers would be released, and the object of the enactment not only fail, but the entire burden be imposed fin a few.
The power to determine the persons and the objects to be taxed, says Mr. Cooley, is trusted exclusively to the legislative department, and over all these objects the burden must be spread or it will be unequal and unlawful. This court would scarcely undertake to say that such improvements on either side of the river, affording greater facilities for trade and commerce, would hot indirectly affect the value of appellee’s property located in the Ohio River. The improvements already made have no doubt added much to the value of this property, and the fact that it is inaccessible for the use of the appellee is not sufficient to invalidate the tax.
If the question of direct benefit is to determine a case like this, it would no doubt release one fourth of the tax-payers within the district. All are not benefited to the same extent, and while it is of very great convenience to some, it may *584 afford none to others, and yet the general prosperity of the community in a pecuniary point of view be increased by reason of the improvement made, and such has been the policy controlling state action with reference to such improvements.
The appellee is deriving the benefits resulting from all the general laws of the state protecting his person and his property, and still, if the judgment below is sustained, is relieved from any burden in the construction of local improvements, because he derives no direct benefit from such legislation. If the chancellor should undertake, from the testimony in such cases, to select those who, from the proof, derived no direct benefit from the tax, no such legislation could be enforced. The benefits resulting from such improvements are sufficiently local to support local taxation, and within this prescribed boundary designated as Harrod’s Creek precinct, the legislature has said the property shall be taxed, and that the benefits constitute the consideration for imposing the burden. The court is now asked to say that the property of the tax-payer should not be' taxed, because the owner is not in a condition to use the road, and that the general increase in value of the whole property within the precinct, by reason of the improvement, is merely speculative, and should not be considered. This rule, if applied to taxation for the purpose of constructing railroads or highways, as before stated, could never be enforced if the tax-payer in a remote part of the county or district was allowed to show that it did not increase the value of his land, or that he had access to a road that afforded him every convenience that could be derived from the construction of the improvement for which he is sought to be taxed.
The judgment below is reversed, and cause remanded with directions to dismiss appellee’s petition.