Hines, J.
This suit was brought by the contractor, J. W. Rich, against appellant and the trustees of the Cincinnati Southern Railway, to recover an assessment made by the city upon a lot belonging to the trustees and abutting on the improved street. The court below held that the lot was necessary for the operation and maintenance of the railway, and refused to subject it to the payment of the claim, and rendered judgment against the city. The correctness of that ruling is questioned on this appeal.
It is suggested by counsel for the trustees that the lot is not liable to assessment:
First, because it was not benefited by the improvement; and second, because, as it has been withdrawn from the ordinary uses to which town lots are appropriated, and has become a part of the railway, essential to its operation, it is not within the policy of the law subjecting town lots to such local burdens.
The evidence shows that the lot supports a portion of the masonry of the road-bed, and is essential to the proper drainage of the track.
*32 The assessment was made upon the lots in proportion to the number of front feet, and in accordance with the provisions of the charter.
The objection that the lot was not benefited by the improvement of the street is sufficiently answered by the case of McFerran v. Alloway, 14 Bush, 580. In that case the Legislature had authorized the levy of a tax upon all property within a certain precinct to pay for the construction of a railroad running through it. Within this district is an island in the Ohio river, so situated that access to the Kentucky shore, along which the road ran, was so dangerous and difficult as to deprive the owner of the island of any benefit from the construction of the road. In answer to this objection to the payment of the tax on the island, the court said: “The power on the part of the legislature to establish this district, or to authorize the particular precinct to vote the tax, is conceded, and the fact that the local improvement has been, or is being, constructed in the taxing district is also admitted, and in such a case it seems to us the legislative discretion on the subject must control. This court has so often determined that such power exists in the legislature of this State that it is no longer an open question; and the benefits to be derived by those living in the locality of the improvement, having been determined by the legislature in passing the act, under which the tax was imposed, this court has no revisory power over it. In the judgment of the legislature, this taxing district is benefited by the improvement, and the fact that an actual benefit is not derived by one living in a remote part of the district, or where it is difficult to approach the road or highway, is no argument against the imposition of the burden.”
The fact that the local burden in that case was assessed in proportion to the value of the property instead of, as in this case, upon th'e area or frontage, can make no difference. The principle is the same in both instances.
While assessments of this character, as distinguished from general taxation, rest upon the basis of benefits or presumable benefits to the property assessed, it is not essential to their validity, that actual enhancement in value or other benefit to the owner shall be shown. The passage of the ordinance by the city council, under the power granted in the charter, is conclusive of the propriety of the improvement, and of the question of *33 benefit to the owners of abutting property. Northern Indiana Railroad Company v. Connelly, 10 Ohio State, 164. Absolute equality in the distribution of such burdens cannot be attained. An approximation to equality is all that is possible, but in reaching this point the present or prospective use of the property cannot enter into the calculation.
In support of the second position relied upon by counsel for the trustees, reliance is had upon the case of Applegate v. Ernst, 3 Bush, 650. It is said in the opinion in that case, that a railroad from one end to the other is an entirety, not subject to coercive sale in fragments. To the claim that this case is an authority here, there are two answers—first, the attempt was to sell the portion of the road lying in the county where the tax was levied, and not, as in this instance, to sell a lot used as incidental to the running of the road; and second, a decision of that point was not necessary in that case, and, in fact, was not the ground upon which the opinion was based.
The case of Louisville and Nashville Railroad Co. v. Warren, county proceeds upon the idea that the legislature had the power to authorize a county court to levy a tax for local purposes, and indeed there can be no question as to the existence of this power, or of the power to authorize assessments for this case. In this instance the Legislature has exercised the power and authorized the assessment upon property without regard to ownership or to the uses to which it may be applied. To the same effect is the appeal of N. B. & M. R. R. Co., 32 Cal.
In the City of Chicago v. Barr, 41 Ill., 306, it was held that a street railway was subject to assessment for the improvement of the street on which it was located.
In the Northern Indiana Railroad Company v. Connelly, 10 Ohio State, 164, it was held that the road was assessable for street improvement, notwithstanding the fact that the company derived no benefit from the improvement on the street.
In the B. & M. R. R. Co. v. Spearman, 22 Iowa, 112, the depot grounds were held to be subject to assessment for street improvement.
To the same effect is the case of City of New Haven v. Fair Haven & Westville R. R. Co., 38 Conn., 422.
We think that, both upon reason and authority, a lot held and owned by the railway company, as this is held and used, is as *34 much subject to assessment for street improvement as if it belonged to a natural person. In the law authorizing the assessment there is no exemption of railroad property, nor exemption of property because of its application to certain uses.
Judgment reversed, and cause remanded with directions for further proceedings consistent with this opinion.