BISHOP *against* SEELEY.

*Fairfield,*
July, 1847.

Bishop
*v.*
Seeley.

Where the deed under which the plaintiff claimed title, described the premises as " half an acre, occupied as a canal, and bounded, *Northeasterly* by a line parallel with the *Northeasterly* line of said canal, two feet therefrom"; it was held, the word "canal," as used in this deed, imported the whole excavation made for the purpose of the canal, and that the line of the canal, was, therefore, the top of the canal bank, and not the edge of the water in the canal.

To entitle the plaintiff to full costs in an action of trespass brought originally to the county or superior court, in which the damages recovered do not exceed thirty-five dollars, it is not sufficient that the title to land was incidentally involved in the trial of the cause, but it must have so come in question as to be *decided* and *settled.*

Therefore, where the question litigated on the trial of an action of trespass *quare clausum fregit,* brought originally to the superior court, to which the general issue was pleaded, and in which the plaintiff recovered less than thirty-five dollars damages, was, as to the boundary line between the lands of the parties, who were adjoining proprietors; it was held, that the declaration and the general issue pleaded, put nothing in issue but the plaintiff's possession of the land and the defendant's entry thereon; and that, therefore, no more costs could be taxed for the plaintiff than the amount of damages recovered. [One judge dissenting.]

THIS was an action of trespass *quare clausum fregit,* brought originally to the superior court; to which the general issue was pleaded.

The cause was tried at *Fairfield,* at an adjourned term in *April* 1847, before *Hinman,* J.

The plaintiff claimed title to the land described in his declaration, as the grantee of *Alfred Bishop,* who, it was agreed, derived all his title thereto, by a deed from *Abraham Davenport,* dated *December* 10th, 1833, in which the premises were described as follows: " A certain tract of land, lying in *Stamford,* in quantity half an acre, more or less, occupied as a canal, and is bounded *Westerly,* by said *Bishop's* own land, *North-Easterly,* by a line parallel with the *North-Easterly* line of said canal, two feet therefrom; *Southerly,* by land this day quit-claimed to said *Bishop,* by *George Brown;* and *South-Westerly,* by a right of way, this day deeded to said *Bishop,* by said *Davenport;* said *South-Westerly* boundary, being two feet from the *South-West* line of said canal, and running parallel therewith." The plaintiff claimed, that the trespasses complained of, were committed in the canal men-

tioned in this deed, and on the *North-Easterly* side thereof, and within the line described in such deed, as the *North-Easterly* boundary of the land, running parallel with the *North-Easterly* line of the canal, two feet therefrom.   It was shown, that the canal was fed by tide waters, regularly ebbing and flowing therein; that it ran mostly, and through all of its extent, except a small part thereof at its upper end, for about 200 feet, through level salt meadows; and that the waters of the canal, at ordinary high water, except for said short distance at the upper end, nearly filled the whole of the excavation of the ground, rising, at ordinary high water, almost to the top of the banks; that at the part where it was claimed that the trespasses were committed, the ground so excavated was some feet higher than the level of the meadows and of the banks below; that the banks of the canal were sloping outwards from the canal, and were, at the upper part, wider or further apart at the top, than on the meadows below.

In ascertaining whether the acts complained of were done on the property of the plaintiff, it became necessary to ascertain, how far said *North-Easterly* line extended in that direction, and consequently, to ascertain what was the line of the canal mentioned in said deed.   It was shown, that the line at the top of the *North-Eastern* bank of the canal, at said place, was, by reason of said slope, a considerable distance *North-Easterly* from the line of the water of the canal, at ordinary high water.

The plaintiff claimed, that the parallel line mentioned in said deed, should be run two feet *North-Easterly* from the line of the top of said *North-Easterly* bank of the canal. This the defendant denied; and claimed, that it should be run *North-Easterly*, two feet distant from the line of the water of the canal, at ordinary high water; and that, if any of the alleged trespasses were committed within the line so claimed by him, (it being agreed that he was the owner of the land adjoining the plaintiff's property in that place,) the plaintiff could not recover.

Each party requested the court to charge the jury, in conformity with his claim.

The court charged the jury in conformity with the claim of the plaintiff; and the jury thereupon returned a verdict in his favour, for less than thirty-five dollars damages.   The de-

fendant thereupon moved for a new trial, for a misdirection. And the question arising thereon, together with the question whether the plaintiff was entitled to costs beyond the amount of damages recovered, was reserved for the advice of this court.

*Hawley* and *Butler*, in support of the motion, contended, 1. That upon a just construction of the *Davenport* deed, the "line of said canal" therein mentioned imported the *water line,* i. e. the *edge of the water,* at ordinary high water.

In the first place, the rule is universal, that where a lake or pond, harbour, river, creek, or other water-course, is made a boundary, the thread of the stream or water line, at high or low water mark, (as the case may be,) is intended, unless there are words expressly showing a different intent. Land bounded on a pond, extends to the margin or water line. *Bradley* v. *Rice,* 1 *Shep.* 198. *Waterman* v. *Johnson,* 13 *Pick.* 271. *Hatham* v. *Stinson,* 1 *Fairf.* 238. So if bounded on a lake, or a river above tide water. *Canal Commissioners* v. *The People,* 5 *Wend.* 423. *Adams* v. *Pease,* 2 *Conn. R.* 481. In *Warner* v. *Southworth,* 6 *Conn. R.* 471. where a party having made a ditch six feet wide through his land, conveyed a part of such land, bounding the grantee *on* the ditch, this court held, that the grant extended to the centre of the ditch. The rule above stated holds, though trees standing by the side of the river are mentioned as the point of beginning or ending. *Lunt* v. *Holland,* 14 *Mass. R.* 149. 151. So where the boundary is the bank. *Hatch* v. *Dwight,* 17 *Mass. R.* 289. 299. And where it is the margin, or by or along the shore. *Child* & al. v. *Starr* & al. 4 *Hill,* 269. If the boundary is upon a harbour, or arm of the sea, it extends to high water mark. *Nichols* & al. v. *Lewis,* 15 *Conn. R.* 137. *East-Haven* v. *Hemingway,* 7 *Conn. R.* 186.

Secondly, there is nothing in the terms of this grant to take it out of the general rule. The "line of the canal" is not shown to be a surveyed line, or the line of the excavation or bank, or any other line different from the water line. It is a *tide* canal—a continuation of the harbour, where the waters of the harbour ebb and flow.

Thirdly, the language of the deed, in connexion with the facts appearing upon the motion, show this to be the true con-

struction.  Two feet from the water line, makes the grant commensurate with the excavation and occupation.  If the plaintiff is right, the grantee took two feet more each way than was occupied as a canal.  If the defendant is right, he took just so much ; and all parts of the deed stand well together.

2. That in this case, no more costs than the damages recovered can be taxed.  The provision of the statute is *general*, and the cases in which full costs are allowed, are *excepted* cases. The party claiming the benefit of the exception must show that his case is clearly within it.  Can the plaintiff do this ? Neither the declaration, nor the plea, nor both together, show that the title of land was in question; nor does the record show that it was determined.  Both these things are necessary to entitle the plaintiff to full costs.

But it may be said, that the court may *certify* that the title of land was in question ; and thereupon full costs may be taxed.

To this, it may be replied, first, that the certificate is given only for the purpose of an *appeal* from the county to the superior court, and has no relation to costs.  *Stat.* 57, 8. *tit.* 2. *s.* 62. (ed. 1838.) Secondly, by the correct construction of that statute, as given in *Scovill* v. *Seeley*, 14 *Conn. R.* 239. the title must have been brought in question and determined, for the purpose of an appeal ; and such a certificate would only be necessary or proper, where there were other issues— *e. g.* the general issue &c., with a plea of title—and the finding was general, and the record would not show a conclusive determination of title.  Thirdly, such certificate, if proper, should be made on the trial, and be a part of the record. *Plimpton* v. *Baker*, 9 *Pick.* 70.  Fourthly, the question between the parties, in this case, was one of *boundary merely* ; and no such certificate could be given.

*Dutton* and *Ferris*, contra, contended, 1. That the charge of the court as to the "line of the canal," was correct.  This is the line at the top of the excavation in the earth.  Any other definition of the line of a canal, would make the language of the deed, unmeaning and absurd.  The words are— "*North-Easterly*, by a line parallel with the *North-Easterly* line of said canal, two feet therefrom."  The sole object of the deed was, to convey to the grantee land for a canal, and two feet of land on the bank of the canal, *North-Easterly* from the line at the top of the excavation.  This object would be en-

tirely defeated, by a different construction.   The grantee could not use the canal beneficially, without the use of the bank also.

Where the boundary is a lake, pond, river or harbour, the *water* is the thing contemplated ; that being essential, not only to the beneficial use, but to the very existence, of a lake, &c. But this is not true of a canal.   The water is let into, and drawn off from, a canal ; and it is, in all conditions, a canal. Where the boundary, therefore, is a canal, the *excavation*, and not the water, is the thing contemplated.

2.   That in this case, the plaintiff is entitled to full costs. The record, including the declaration, the plea, verdict and the facts stated in the motion, shows decisively, that the title to land was in question, on the trial, and nothing else.   If it were necessary, the judge before whom the trial was had, would give a certificate to that effect, as in case of an appeal ; (see 14 *Conn. R.* 239.) and this would govern in the taxation of costs.

Hinman, J.   The property mentioned in the declaration, is land occupied as a canal, between the village of *Stamford* and *Stamford* harbour.   The plaintiff's title to it was by deed from *Abraham Davenport* to *Alfred Bishop*, and a subsequent deed from *Bishop* to the plaintiff.   *Davenport*, at the time he executed his deed, owned the land now claimed by both parties, who are adjoining proprietors ; and the question in the superior court, was, whether a wall, erected by the defendant, as he claimed, within the line of his own land, or, at any rate, on the line between him and the plaintiff, was in fact an encroachment upon the plaintiff's canal property ?

The deed from *Davenport* describes the plaintiff's land as half an acre, more or less, occupied as a canal, and bounded, "*North-Easterly* by a line parallel with the *North-Easterly* line of said canal, two feet therefrom."   The defendant insisted, that the line thus designated was two feet from the water-line by the canal.   The plaintiff, on the other hand, claimed, that the word "canal," as used in this deed, meant the whole excavation made for the purpose of the canal ; and, therefore, that two feet therefrom was two feet from the top of the canal bank where the excavation commences : and this claim was adopted by the court, in committing the cause to the jury.

*Fairfield,*
July, 1847.

Bishop
*v.*
Seeley.

We think this was right.   The meaning of the word "canal," when applied to artificial passages for water, is, "a trench or excavation in the earth, for conducting water and confining it to narrow limits."   *Webster's Dict.*   It is unlike the words river, pond, lake, and other words, used to designate natural bodies of water ; the ordinary meaning of which is confined to the water itself ; but it includes also the banks, and has reference rather to the excavation or channel, as a receptacle for the water.   It is an artificial thing ; and the cases, therefore, of lands bounded upon natural bodies of water, in which it has been held, that the land conveyed extends to the water, and in some instances, to the centre or thread of a river, have no bearing upon this case.   The intention of the grantor was, to convey the canal, and two feet of ground along the side of it, and beyond its limits.

We do not advise a new trial.

In the taxation of costs, in this case, a question arose in respect to which it is understood the practice has not been uniform.   The point does not appear upon the motion ; but the importance of a uniform rule renders it proper that it it should be settled ; and it has been argued before us with that view.

The plaintiff recovered less than thirty-five dollars damages ; and by the act of 1838,(*Stat.* 79. ed. 1838.) he is not entitled to any more costs than damages, "unless the title of land, the right of way, or the right to the use of, water, was in question."   The plaintiff insists, that the title to land was in question, the whole dispute being as to the true line between his and the defendant's land ; that this sufficiently appears from the motion ; and, if it did not so appear, it is the duty of the judge to find and certify that fact, and then tax full costs.

By the record, nothing appears to have been in question but the plaintiff's possession of the land and the entry upon it of the defendant.   The declaration and the general issue pleaded, put nothing else in issue.   *Scovill* v. *Seeley,* 14 *Conn. R.* 238.   It is true, the title to land did, in a certain sense, come in question, incidentally ; but it was not so in question as that it could be decided, and the dispute between the parties settled.   The suit might have been brought before a justice of the peace, instead of the superior court, and the same

defence made as was made on this trial ; and his decision and the record of it would have done just as much towards settling the rights of the parties, as will this record. Indeed, it is no uncommon thing for the title to land to come in question, in an action for an assault and battery, just as it did come in question here ; but we presume no one ever expected full costs in such an action, unless he recovered more than thirty-five dollars. A majority of the court think it was not the intention of the legislature to give full costs, merely because the title to land &c. might be incidentally involved in the trial of the cause, but only in those cases where it so comes in question that it may be decided.

We advise, therefore, that no more costs than the amount of damages recovered, be taxed in this cause.

In this opinion the other judges concurred, except that WAITE, J. dissented on the last point.

New trial not to be granted.

Full costs not to be taxed.