Vol. 116]    APRIL TERM, 1903.    135

Figg v. Louisville & N. R. R. Co.   City of Louisville v. Figg.

---

CASE 11—ACTION BY THE CITY OF LOUISVILLE AGAINST THE LOUISVILLE & N. R. R. Co. AND L. R. FIGG FOR COST OF STREET IMPROVEMENT. —JUNE 17.

# Figg v. Louisville & N. R. R. Co.
# City of Louisville v. Figg.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

FROM THE JUDGMENT FIGG AND THE CITY OF LOUISVILLE SEPARATELY APPEAL.   REVERSED.

MUNICIPAL CORPORATIONS—STREET IMPROVEMENT—RAILROAD RIGHT OF WAY—LIABILITY FOR ASSESSMENT.

1. A strip of land appropriated to use by a railroad as a right of way, is a "lot" within the meaning of the statute governing street improvements and is liable to an assessment for a street improvement.

H. L. STONE, ATTORNEY FOR CITY OF LOUISVILLE.

The question involved in this appeal is whether or not the property or right of way of the L. & N. R. R. Co. within the area defined by the city ordinance is subject to the statutory lien in favor of the contractor for street improvements.

The railroad company contends that it is not (1) because its property was not benefited by the improvement; (2) because it had been withdrawn from the ordinary use for which town lots are appropriated and had become a part of the railway essential to its operation, and it is not within the policy of the law subjecting town lots to such local burdens.

**136** KENTUCKY REPORTS. '[Vol. 116

Figg v. Louisville & N. R. R. Co. City of Louisville v. Figg.

In the City of Ludlow v. Trustees of the Cincinnati Southern Railway, 78 Ky., 357, decided March 4, 1880, this court in an opinion by Judge Hines held that a lot upon the street owned by the said railway company was subject to an assessment for the improvement of such street by the city of Ludlow, and the fact that the lot was the property of the railroad company and used for railroad purposes furnished no more reason why it should be exempt from an assessment than if it belonged to a natural person. The same contentions were made in that case as are made by defendant, L. & N. R. R. Co. in its answer, viz.: (1) That its property was not benefited by the improvement, and it had been withdrawn from the ordinary use for which town lots are appropriated and had become a part of the railway essential to its operation, and it was not within the policy of the law subjecting town lots to such local burden. There it appeared that *the lot supported a portion of the masonry of the road-bed,* and was essential to the proper drainage of the track. The assessment was made on the lots in proportion to the number of front feet and in accordance with the provisions of the charter of the city of Ludlow. As to the first objection the court said "that the lot was not benefited by the improvement of the street is sufficiently answered by the action of McFerran v. Alloway, 14 Bush, 580." Judge Hines quotes with approval the language in the case referred to as follows:

"This court has so often determined that such power existed in the Legislature that it is no longer an open question, and the benefits to be derived by those living in the locality of the improvement, having been determined by the Legislature in passing the act under which the tax was imposed, this court has no revisory power over it. In the judgment of the Legislature this taxing district *is* benefited by the improvement, and the fact that an actual benefit is not derived by one living in a remote part of the district, or where it is difficult to approach the road or highway, is no argument against the imposition of the burden."

Furthermore, Judge Hines said (Ib., 360):

"The passage of the ordinance by the city council, under the power granted in the charter, is conclusive of the propriety of the improvement, and of the question of benefit to the owners of abutting property." (Northern Ind. R. R. Co. v. Connelly, 10 Ohio St., 164.)

With reference to the second position contended for by the railroad company's counsel, that *the lot was necessary for the operation of the railway,* and it is contrary to public policy to subject it to such burden, the court after reviewing the authorities cited by the railroad company's counsel, holding that the

Vol. 116]          APRIL TERM, 1903.          137

Figg **v.** Louisville & N. R. R. Co.   City of Louisville v. Figg.

property of a railroad company could not be sold in parcels to satisfy a lien or tax, said (Ib., 362):

"These cases bear upon the case under consideration in so far as to furnish a rule of construction for statutes laying local burdens upon such *quasi* public corporations as railroads, but when the rule is applied to *assessments* for local improvements, where the statute directs that the property assessed be sold to satisfy the claim, and *directs the manner in which it shall be sold*, it will be found *not to forbid the fragmentary sales* against which those cases are directed."

Still further, in support of the conclusion reached, Judge Hines states (Ib., 362-63):

"But if there were any doubt on this point, we would not hesitate, on the authority of the L., C. & Lex. R. R. Co., and the Louisville Transfer Co. v. Obst & Stengel, decided by this court in February, 1875, to hold that the property of the company should be sold to satisfy the assessment. In that case the *road-bed* and the grounds belonging to the company were directed *to be sold* to satisfy a sum assessed against the companies *for street improvement*, and under a charter of the city of Louisville, similar in this respect to the charter of the city of Ludlow. In the opinion in that case, which was delivered by Judge Lindsay, who delivered the opinion in the Elizabethtown and Paducah railroad case it is said: 'Real property held by railroad companies within the corporate limits of the city of Louisville is *not exempt* from street taxation. The terms of the grant of the power to tax for such purposes includes *all real estate*, and that held by railroad companies, like that held by churches, colleges, hospitals and other institutions of like character, must bear its proportion of the local burden. There is no constitutional restriction upon the power of the Legislature to impose local taxation upon railroad companies. It is a mere question of policy.'"

Judge Hines then proceeds to quote authorities in other States, many of which have already been cited in this brief, and the opinion is concluded as follows:

"We think that, both upon reason and authority, a lot held and owned by the railway company, as this is held and used, is as much subject to assessment for street improvement as if it belonged to a natural person. In the law authorizing the assessment *there is no exemption of railroad property*, nor exemption of property because of its application to *certain* uses."

It will be observed by the court that the authorities cited and approved by this court in the opinion rendered by Judge Hines, nearly all are cases where the *right of way* of the railroad com-

138        KENTUCKY REPORTS.        [Vol. 116

Figg v. Louisville & N. R. R. Co.    City of Louisville v. Figg.

pany was sought to be subjected to the assessment for local improvements. In the Ludlow case the lot sought to be subjected really *formed a part of the railway company's right of way*, as it supported the masonry that upheld the tracks of the railroad company in the city of Ludlow. In other words, if it had been sold under the lien for the local assessment and purchased by a stranger, the railroad company's operation of its railroad would have been materially interfered with, but that appears not to have formed any valid objection to the enforcement of the lien.

It will be observed that said railroad company by its answer (Ib., 36) expressly alleges and claims that it owns and holds a *perpetual* right of way for railroad purposes from its station in Louisville, Kentucky, to Nashville, Tennessee, over a strip of land 185 miles in length and 66 feet or more in width and that this right of way includes the portion of land described in the petition in this action. This *perpetual* right of way practically, and to all intents and purposes, amounts to the fee simple title. But it is unimportant what kind of title the said railroad company owns or holds. *All* real estate within the area of the district subject to this local assessment must stand the burden thereof, and the lien of the contractor for the cost of the original improvement of Magnolia avenue attached thereto, and should, under the statute, ordinance and apportionment of the cost, as shown by this record, be enforced by the court.

B. F. WASHER AND WM. FURLONG, FOR L. R. FIGG.

The question of the right of way of the railroad company being liable for the municipal assessment, counsel wishes to call attention to the recent book published in 1903, "The Modern Law of Municipal Corporation," by John W. Smith. In vol. 2, sec. 1239, the author says:

"Where the statute authorizes assessment for local improvements against abutting property the right of way of a railroad company is assessable. . . . The right of way of a railroad company is subject to special taxation for a local improvement."

To support the foregoing text, the author cites the following cases:

"Indianapolis & R. Co. v. Capitol Paving Co., 24 Ind. App., 114; s. c., 54 N. E., 1076; Chicago & R. Co. v. City of Milwaukee, 89 Wis., 506; s. c., 62 N. W., 417; Peru & R. Co. v. Hanna, 68 Ind., 562; Pittsburg & R. Co. v. Hays, 17 Ind. App., 261; s. c., 44 N. E., 375; 45 N. E., 675; 46 N. E., 597; State v. City of Passaic, 54 N. J. L., 340; s. c., 23 Atl., 945; Louisville & R. Co. v. State, 8 Ind. App., 377; s. c., 35 N. E., 916; Lake Erie &

Vol. 116]    APRIL TERM, 1903.    139

Figg v. Louisville & N. R. R. Co.   City of Louisville v. Figg.

R. Co. v. Bowker, 9 Ind. App., 428; s. c., 36 N. E., 864; Louisville & R. Co. v. Boney, 117 Ind., 501; s. c., 20 N. E., 432."

"Chicago & R. Co. v. Village of Emhurst, 165 Ill., 148; s. c., 46 N. E., 437; Chicago & R. Co. v. City of Joliet, 153 Ill., 649; s. c., 39 N. E., 1077; Chicago & R. Co. v. People, 120 Ill., 104; s. c., 11 N. E., 418; Payne v. Village of South Springfield, 161 Ill., 285; s. c., 43 N. E., 1105; Illinois & R. Co. v. City of Mattoon, 141 Ill., 32; s. c., 30 N. E., 773; Illinois & R. Co. v. City of Chicago, 141 Ill., 509; s. c., 30 N. E., 1036; Kuehner v. City of Freeport, 143 Ill., 92; s. c., 32 N. E., 372; Rich v. City of Chicago, 152 Ill., 18; s. c., 38 N. E., 255; Illinois & R. Co. v. Commissioners, 129 Ill., 417; s. c., 38 N. E., 925; Drainage Comrs. v. Illinois & R. Co., 158 Ill., 353; s. c., 41 N. E., 1037; Illinois & R. Co. v. City of Decatur, 126 Ill., 92; s. c., 18 N. E., 315; Illinois & R. Co. v. City of Decatur, 147 U. S., 190; s. c., 13 S. St., 293; Illinois & R. Co. v. City of Decatur, 154 Ill., 173; s. c., 38 N. E., 626; Chicago & R. Co. v. City of Quincy, 136 Ill., 563; s. c., 27 N. E., 192; Chicago & R. Co. v. City of Moline, 158 Ill., 64; s. c., 41 N. E., 877; Freeport St. R. Co. v. City of Freeport, 151 Ill., 451; s. c., 38 N. E., 137; Pittsburg & R. Co. v. Hays, 17 Ind. App., 261; s. c., 44 N. E., 375."

If the judgment against the city of Louisville is affirmed, of course the contractor, L. R. Figg, is not much interested in the remaining question, but should the judgment against the city of Louisville be reversed, then we think the judgment against the railroad company would also be reversed and the company held for the assessment.

HELM, BRUCE & HELM, ATTORNEYS FOR APPELLEE.

## CONCLUSION.

In conclusion, therefore, we submit the following propositions viz.:

1. The property of the railroad company sought to be subjected to this special tax is only an easement, viz., a right of way.

2. It is not benefited, but rather is injured, by the improvement of the street in question.

3. A railroad right of way is not a "lot" within the meaning of the statute governing street improvements.

4. To require the owner of this right of way, which is not benefited, but rather is injured, by the improvement of this street, to pay part of the cost thereof, would be to deprive him of his property without due process of law.

## AUTHORITIES.

1. Title of L. & N. R. Co. is only to an easement, viz., a right of way.   3 Elliott on Railroads, sec. 972; Kelly v. Donahue, 2

Met., 482; Morris v. Schollsville, &c., Turnpike Co., 6 Bush, 671; Washington Cemetery Co. v. Prospect Park R. R., 68 N. Y., 593; Clark v. Worcester, 125 Mass., 230; L. & N. R. Co. Charter, Acts 1849-50, p. 427.

2. A railroad right of way is not a "lot" within the meaning of the assessment statute. Ky. Stats., secs. 2833 and 2834; L. & N. R. R. Co. v. Com., 106 Ky., 638; Owen Tyler v. L. & N. R. R. Co., 23 Ky. Law Rep., 827; City of Allegheny v. West Pa. R. Co., 138 Pa. St., 375; 21 Atl. Rep., 763; Chicago, &c., Ry. Co. v. City of Ottumwa, 112 Iowa, 300; 83 N. W., 1074.

3. No constitutional power to assess part of the cost of improving a street upon a railroad right of way not benefited thereby. Norwood v. Baker, 172 U. S., 269; French v. Barber Asphalt Co., 181 U. S., 325; White v. City of Tacoma, 109 Fed. Rep., 32; Barfield v. Gleason, 23 Ky. Law Rep., 128; Chicago, &c., Ry. Co. v. City of Milwaukee, 89 Wis., 506; 62 N. W., 417; Detroit, &c., R. Co. v. City of Grand Rapids, 106 Mich., 13; 63 N. W., 1007; N. Y. & N. H. R. Co. v. City of New Haven, 42 Conn., 279; 19 Am. Rep., 535; New Jersey, &c., R. Co. v. City of Elizabeth, 37 N. J. L., 330.

## AUTHORITIES EXAMINED.

Ill. Cent. R. Co. v. Decatur, 147 U. S., 190; City of Bloomington v. Chicago, &c., Ry. Co., 134 Ill., 451; 26 N. E., 366; Northern Indiana R. Co. v. Connelly, 10 Ohio St., 159; Peru, &c., R. Co. v. Hanna, 68 Ind., 567; City of New Haven v. Fair Haven, &c., R. Co., 38 Conn., 422; 9 Am. Rep., 399; Paterson, &c., R. Co. v. City of Passaic, 54 N. J. L., 340; City of Ludlow v. Cin. Sou. Ry. Co., 78 Ky., 357; L. C. & L. Ry. Co. v. Obst & Stengel, Mss. Op.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

The main line of the Louisville & Nashville Railroad Company runs southwardly from near Tenth and Broadway streets, Louisville, Ky., to and beyond Nashville, Tenn. Its right of way is 60 feet in width. Under appropriate proceedings in the general council, Magnolia avenue was improved by original construction, and the taxing district was properly designated. Within that district, east of Seventh street and south of Magnolia avenue, is a parcel of land 60 feet wide, used by the appellee as a roadbed, or

what is commonly called the "right of way," and, as a part of it, a triangular parcel north of Magnolia avenue and east of Seventh street. The local situation is shown by the following plot.

It is insisted on behalf of the railroad company that (1) the property sought to be subjected to part of the cost of street improvement is only a right of way, and therefore can not be charged therewith; (2) it receives no benefit from the improvement; (3) the right of way is not a lot, in the meaning of the statute governing street improvements.

It is not the intangible right to use it, but the strip of land which the railroad company appropriates for its use, and upon which it builds its roadbed, is its right of way. The railroad company has been in possession of the strip of land in question for 50 years. It is a part of a great railroad system. Its right of way is perpetual. In Elizabethtown, Lexington & Big Sandy R. Co. v. Combs, 10 Bush, 393, 19 Am. Rep., 67, the court held the injury resulting from the location of a railroad in such proximity to adja-

142          KENTUCKY REPORTS.          [Vol. 116

Figg v. Louisville & N. R. R. Co.   City of Louisville v. Figg.

cent property as that smoke, soot, and fire from passing engines was thrown or blown into or upon it, entitled the owner to a single recovery, as the injury was permanent and enduring. In other words, the court regarded that the railroad had appropriated for all time to come, and the injury would be permanent. It is the very remotest possibility imaginable that the appellee would ever abandon its right of way. The court concludes that its use of its right of way will be perpetual. It is therefore practically the owner of the land. If this strip of land was not occupied by the railroad company as a right of way, it would not be suggested that it was not subject to the special tax for street improvement. The purpose for which the lot is used can not affect the question of its liability for the cost of street improvement. Counsel for appellee calls attention to cases of other courts holding that rights of way can not be charged with the cost of street improvements, while, on the other hand, counsel for the appellant calls attention to cases in other courts holding that such rights of way are liable for such cost. It is not necessary to discuss this class of cases further, because this court, in Louisville, Cincinnati & Lexington R. Co. and Louisville Railroad Transfer Co. v. Obst and Stengel, MS. opinion, Feb. 23, 1875, and City of Ludlow v. Cincinnati Southern R. Co., 78 Ky., 357, held that such special taxation could be imposed.

On the second question we quote from Preston v. Rudd, etc., 84 Ky., 156, 7 R., 806, which reads as follows: "Such assessments are made upon the assumption that a portion of the community are specially benefited by the improvement. The principle is that the terrtory is benefited, that it has a common interest, and that, governed by equitable rules, it must equally bear the burden. Necessarily, indi-

vidual cases of hardship will arise, but it approaches equality as nearly as it is practicable.   It follows that a lot owner may be compelled to pay his proportion of the cost of improvement, although in his particular case his property may not be benefited.   This rule, however, can not be so extended as to entirely take from the citizen his property. This would work a manifest injustice.   It would be spoliation, and not taxation.   Under the guise of benefit and taxation, he can not be thus arbitrarily deprived of his property.   It would be but an appropriation of it, by the exercise of arbitrary power, to public use, without compensation. . . ."   We do not understand that Barfield, etc., v. Gleason, etc., 111 Ky., 491, 23 R., 1102, 63 S. W., 964, changes the rule announced in Preston v. Rudd, etc., and other cases of this court.   Spoliation is not shown in this case.   Under the statute governing street improvement, a lot is any piece of land within the territory defined by the statute or the general council, where the territory to be assessed is not bounded by principal streets.   The use or nonuse, or the character of the use to which the parcel of land is put, does not determine the question whether it is or is not a lot.   The strip of land used by the railroad company the day before it was appropriated by it as a right of way was a lot, in the meaning of the statutes, and to thus appropriate it can not change its character.

The. judgment is reversed for proceedings consistent with this opinion.