ANGE A. FOREST et al. v. ATLANTIC COAST LINE RAILROAD COMPANY et al.

(Filed 18 September, 1912.)

1. Drainage Districts—Remedy—Interpretation of Statutes.

The provisions of Revisal, sec. 4026, are necessary for the cultivation and improvement of lowlands required to be drained, and should be construed to carry into effect the beneficent purposes of the act, when practicable.

2. Drainage Districts — Words and Phrases—Ditches—Canals—Interpretation of Statutes.

Revisal. sec. 4026, should be construed in connection with the other sections of the chapter wherein it is found, relating to the drainage of lowlands, and therein the terms "ditch" and "canal" are used indiscriminately to designate an artificial drain.

3. Same.

An artificial drain in some places from 3 to 5 feet wide and from 2 to 5 feet deep, made for the purpose of cultivating and improving lowlands by draining them, is a canal within the meaning of section 4026 of the Revisal.

4. Drainage Districts — Canals — Maintenance—Original Construction—Interpretation of Statutes.

It is not necessary that the owner of lands lying along a drainage canal, within the meaning of Revisal, sec. 4026, shall have contributed to its original construction to make him liable to assessments for its maintenance under the provisions of the statute.

**5. Drainage Districts — Owners of Land — Easements—Railroads—Interpretation of Statutes.**

> While a railroad company may not. be the absolute owner of lands in fee, they have the proprietorship and control of those constituting its rights of way; and when these lands are benefited by a canal which comes within the meaning of Revisal, sec. 4026, the provisions of the statute relative to the. maintenance of the canal apply.

APPEAL by defendants from *Foushee, J.,* at March Term, 1912, of PITT.

This is a proceeding under section 4026 of the Revisal, to compel contribution to the maintenance of a certain artificial drain, sometimes referred to in the evidence as a ditch and at others as a canal. The drain is in some places from 3 to 5 feet wide and from 2 to 5 feet deep, and in other places not so large.

The town of Winterville and A. G. Cox are among the petitioners, and B. W. Tucker, W. L. House, and the Atlantic Coast Line Railroad Company are the defendants.

The defendants filed a demurrer to the petition, which was overruled, and the defendants excepted.

The defendants then filed answers, and upon issues raised the jury returned the following verdict:

1. Was the ditch described in the complaint constructed along a natural depression or waterway, and was it constructed seven years prior to the beginning of this action? Answer: Yes.

2. Who constructed said ditch? Answer: A. G. Cox.

3. Did either of the plaintiffs or the defendants contribute anything to construct or maintain said ditch, except A. G. Cox? Answer: No.

4. Are the plaintiffs the owners of the land described in the complaint? Answer: Yes.

5. Do the defendants claim under A. G. Cox? Answer: Yes.

6. Does the defendant the Atlantic Coast Line Railroad Company own any land on said ditch (except its right of way), inside the town of Winterville? Answer: No.

7. Is any of the right of way of the defendant the Atlantic Coast Line Railroad Company, outside of the corporate limits of

FOREST *v.* R. R.

the town of Winterville, drained by said ditch? Answer: Yes, six or seven hundred yards.

8. Is the land of the defendant B. W. Tucker, outside of the corporate limits of the town of Winterville, drained by said ditch? Answer: Yes.

9. Is the land of the defendant W. L. House, outside of the town of Winterville, drained by said ditch? Answer: Yes.

10. Is said ditch necessary to drain the streets of the town of Winterville? Answer: Yes.

10. Is said ditch necessary to drain the streets of the town of Winterville? Answer: Yes.

11. Has the plaintiff A. G. Cox contributed anything to the maintenance of this ditch since its construction? Answer: No.

Judgment was rendered upon the verdict in favor of the petitioners, and the defendants excepted and appealed.

All of the defendants join in the contentions:

(1) That section 4026 of the Revisal refers to canals, and that the drain described in the petition is a ditch.

(2) That said statute does not purport to confer a remedy except in favor of those who contributed to the construction of the canal.

The defendants House and Tucker contend, further, that they ought not to contribute to maintain the drain, because (1) they acquired their land after its construction; (2) a part of their land is in the town of Winterville, and they are required to pay taxes on such part to maintain the drainage of the town.

The defendant railroad company contends, further, that it owns no land which is drained, and that it is not liable to contribute on account of the fact that a part of its right of way may be benefited.

*S. J. Everett for plaintiffs.*
*Harry Skinner for defendants.*

ALLEN, J. The statute under which this proceeding is instituted is necessary for the cultivation and improvement of lowlands, and should be construed to carry into effect its beneficent purposes, if practicable.

FOREST v. R. R.

It provides: "After a canal has been dug along any natural depression or waterway and maintained for seven years, it shall be *prima facie* evidence of its necessity, and upon application to the clerk of the Superior Court of any landowner who contributed to digging and is interested in maintaining the same, it shall be the duty of the clerk of the Superior Court to appoint and cause to be summoned three disinterested and discreet freeholders, who, after being duly sworn, shall go upon the lands drained or intended to be drained by said canal, and after carefully examining the same and hearing such testimony as may be introduced touching the question of cost of canal, the amount paid and the advantages and disadvantages to be shared by each of the parties to the action, shall make their report in writing to the clerk of the Superior Court, stating the facts and apportioning the cost of maintaining said canal among the parties to the action, and the cost of the action shall be divided in the same ratio; and their report when approved shall be properly registered by the clerk. The collection of cost and proportion of work on the canal shall be as prescribed in this chapter."

The statute is found in a chapter of the Revisal providing for drainage, and by reference to its various sections it will be seen that the term "ditch" and "canal" is used indiscriminately to designate an artificial drain.

In the ordinary acceptation of the terms, both indicate a channel constructed for the purpose of conveying water, the only difference being that the word "canal" suggests a channel of larger dimensions than does the word "ditch," but as defined by the authorities, a ditch may be natural or artificial (Black L. Dic., 381; Cyc., vol. 14, p. 552; *Goldthwaite v. Bridgewater,* 71 Mass., 64), while a canal is an artificial trench for confining water to a defined channel (Black L. Dic., 166), or a trench or excavation in the earth for conducting water and confining it to narrow limits. Cyc., vol. 14, p. 268; *Bishop v. Seely,* 18 Conn., 394.

Tested in either way, by the ordinary use of words or by legal definitions, the drain described in the petition, not being natural and being of considerable dimensions, is a canal, although called a ditch.

Nor does the statute require that all of the petitioners should have contributed to the original construction of the canal, and the reason for omitting this requirement is obvious.

If such a provision had been inserted in the statute, its usefulness would have been largely destroyed, as a change in the ownership of the land, after the construction of a canal at great expense, would render it difficult, if not impossible, to maintain it.

It directs the clerk, in plain language, to make the order appointing the commissioners upon the application of "any landowner who contributed to digging and is interested in maintaining" the canal, and the verdict establishes the fact that at least one of the petitioners "contributed" and is "interested" in maintenance.

What has been said disposes of the first contention made separately by the defendants Tucker and House, and their second contention affects only the amount of the assessment for which they may be liable, which is not before us on this appeal. The separate contention of the defendant railroad is also untenable.

The statute requires the assessments to be made according to advantages and disadvantages, and the verdict finds that the railroad is benefited by the drainage of its right of way, and it is reasonable and just that it should contribute in proportion to its benefits. Nothing is more important to the maintenance of its roadbed than proper drainage, and it should not expect this to be maintained at the expense of others.

If, however, the statute in express terms said that only owners of land should contribute to the maintenance of the canal, this would not necessarily relieve this defendant, as the term "owner of land" may not only include those who have an absolute ownership in fee, but those who have the proprietorship and control of the land. Cyc., vol. 29, p. 1549.

Upon an examination of the whole record, we find

No error.