## TOWN OF CLAYTON v. COLORADO & S. RY. CO. et al.

### No. 325.

Circuit Court of Appeals, Tenth Circuit.

July 21, 1931.

978

Myles P. Tallmadge, of Denver, Colo., and Hugh B. Woodward, of Albuquerque, N. M. (Frank O. Blue, of Clayton, N. M., and Pershing, Nye, Tallmadge, Bosworth & Dick, of Denver, Colo., on the brief), for appellant.

J. L. Rice, of Denver, Colo. (O. P. Easterwood, of Clayton, N. M., J. Q. Dier and A. C. Scott, both of Denver, Colo., and J. C. James, of Chicago, Ill., on the brief), for appellees.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

The Town of Clayton brought this suit against the railway company and the two trust companies to foreclose a street improvement lien against the property of the railway company abutting on the street improved. The trial court sustained a motion to dismiss the bill, and the town has appealed.

The town initiated a street improvement proceeding under the so-called Provisional Order Street Improvement statute of New Mexico, chapter 42, N. M. Laws 1903 (sections 3665 to 3671, N. M. St. Ann. 1915 [Code]), as amended by chapter 152, N. M. Laws 1919, and chapter 16, N. M. Laws 1927.

Among the streets improved was Front Street between the northerly line of its intersection with Chestnut Street and the southerly line of its intersection with Maple Street. The right-of-way of the railway company abuts the western boundary of such portion of Front Street. Such abutting portion of the right-of-way is 300 feet in width and on it are located the main line and sidetracks of the railway company, and grain elevators, warehouses, coal-yards, and other industrial structures and plants of lessees of the railway company.

The town adopted Ordinance No. 172 on August 27, 1928, which assessed against such abutting portion of the right-of-way east of the center median line thereof as abutting property $6,590.39 as its proportionate share of the cost of such improvement, under the provisions of section 3669, supra, as amended by chapter 152, § 3, supra. This section, before its amendment in 1919, read as follows:

"After the making of such contract, said city council or board of trustees shall determine what portion of such work shall be paid by such abutting property, and the owners thereof, and shall assess to each lot or parcel of land abutting upon such street or alley or part thereof so to be improved its proportionate share of such total amount."

The amendment added the following language:

"In case of the improvement of any street except as otherwise provided herein, the cost of the improvement of each street intersection, except the share to be paid by street or other railway companies, shall be assessed upon all the frontage of the street to be improved, and on the intersecting streets within a distance of one-half block in each direction from such intersection, in the proportion that the frontage of each piece of real estate on the street improved or on any intersecting street, or on both within said distance bears to the total frontage of all real estate similarly situated; and the cost of each alley intersection shall be assessed upon all of the real estate in the same block in proportion to the frontage on the street improved; provided, that in the case of lots or parcels of irregular shape or of less than the regular length, the governing body shall be clothed with full authority to determine what property should be assessed for the costs of improving such lots or parcels, and to make equitable assessments against such property as shall have been determined to be benefited

by the improvement of the street or streets, alley or alleys, abutted on by such lots of irregular shapes or sizes. The governing body of any municipality shall have power to assess against the owner or owners of any railroad or street railroad occupying or abutting any highway ordered to be improved as aforesaid, the whole cost of the improvements between or under the rails and tracks of said railroad or street railroad, and the two feet on each side of said track or tracks, and shall have power by ordinance to levy a special assessment upon said railroad or street railroad and its roadbed, ties, rails, fixtures, chattels, rights and franchises, which shall constitute a lien thereon, superior to any other lien or claim, except state, county and municipal taxes, and which may be enforced either by sale of said property in the manner provided here, or by suit against the owner. The ordinance levying said assessment shall prescribe when the same shall become due and delinquent and the rate of interest payable thereon."

Counsel for defendants contend that the effect of this amendment was to limit the assessment of railway company property for a street improvement to the cost of the improvement between or under the rails and tracks of such railway company and for two feet on each side thereof, situated within the boundaries of such improvement, and to exempt it from all other assessments for such improvement.

■ The primary rule in the construction of statutes is to ascertain and give effect to the intent of the legislative body. Stevens v. Nave-McCord Merc. Co. (C. C. A. 8) 150 F. 71, 75; Balanced Rock S. A. v. Manitou (C. C. A. 10) 38 F.(2d) 28, 30; Moffat Tunnel Imp. Dist. v. Denver & S. L. R. Co. (C. C. A. 10) 45 F.(2d) 715, 723. Where the language of a statute is plain and unambiguous, and conveys a clear and definite meaning, resort must not be had, ordinarily, to rules of construction, but the statute must be given its plain and obvious meaning. United States v. Mo. Pac. R. Co., 278 U. S. 269, 277, 49 S. Ct. 133, 73 L. Ed. 322; Duke Power Co. v. Commissioner (C. C. A. 4) 44 F.(2d) 543; Eclipse Lumber Co. v. Iowa Loan & T. Co. (C. C. A. 8) 38 F.(2d) 608, 610. Where, however, the language is of doubtful meaning, or where adherence to the strict letter would lead to injustice or absurdity, or result in contradictory provisions, it devolves upon the court to ascertain the true meaning. United States v. Katz, 271 U. S. 354, 357, 46

S. Ct. 513, 70 L. Ed. 986; In re Chapman, 166 U. S. 661, 667, 17 S. Ct. 677, 41 L. Ed. 1154; United States v. Kirby, 7 Wall. 482, 486, 487, 19 L. Ed. 278. The general design and purpose of a statute should be kept in mind and its provisions should be given a fair and reasonable construction with a view to effecting its purpose and object. Low Wah Suey v. Backus, 225 U. S. 460, 475, 32 S. Ct. 734, 56 L. Ed. 1165; Takao Ozawa v. United States, 260 U. S. 178, 194, 43 S. Ct. 65, 67 L. Ed. 199; Feitler v. United States (C. C. A. 3) 34 F.(2d) 30, 33.

■ It frequently happens that the true intention of a legislative body is not expressed by the language employed in a statute, when literally construed. In such cases, the intent of such legislative body can only be effectuated by a departure from a literal interpretation of the language employed. Where such intention is plainly discernible from the provisions of the statute when considered as a whole, the real purpose and intent of the legislative body will prevail over the literal import of the words employed. Holy Trinity Church v. United States, 143 U. S. 457, 12 S. Ct. 511, 36 L. Ed. 226; U. S. for use of Hill v. American Surety Co., 200 U. S. 197, 203, 26 S. Ct. 168, 50 L. Ed. 437; Jones v. Guaranty & I. Co., 101 U. S. 622, 626, 25 L. Ed. 1030; Barrett v. Van Pelt, 268 U. S. 85, 90, 45 S. Ct. 437, 69 L. Ed. 857; Fleischman Const. Co. v. United States, 270 U. S. 349, 360, 46 S. Ct. 284, 70 L. Ed. 624; Baltzell v. Mitchell (C. C. A. 1) 3 F.(2d) 428, 430; London & L. I. Co. v. Smoot, 52 App. D. C. 378, 287 F. 952, 956.

■ The original act made express provision for assessing the cost of the improvement against abutting property. The phrase *abutting property* includes abutting railroad property without specific mention thereof. Louisville & Nashville R. Co. v. Barber Asphalt Paving Co., 197 U. S. 430, 25 S. Ct. 466, 49 L. Ed. 819; Heman Const. Co. v. Wabash R. Co., 206 Mo. 172, 104 S. W. 67, 12 L. R. A. (N. S.) 112, 121 Am. St. Rep. 649, 12 Ann. Cas. 630; Marion B. & E. Traction Co. v. Simmons, 180 Ind. 289, 102 N. E. 132; C., M. & St. P. R. Co. v. Churdan, 196 Iowa, 1057, 195 N. W. 996; Figg v. Louisville & N. R. Co., 116 Ky. 135, 75 S. W. 269; Forest v. Atlantic Coast Line R. Co., 159 N. C. 547, 75 S. E. 796; Kinston v. Atlantic & N. C. R. Co., 183 N. C. 14, 110 S. E. 645; Mo., K. & T. R. Co. v. Tulsa, 45 Okl. 382, 145 P. 398; Okla. R. Co. v. Severns Paving Co., 67 Okl. 207, 170 P. 216, 10 A. L. R. 157.

Had the legislative body intended to exempt railway property from assessment as abutting property, the natural and ordinary method would have been to have added an exception to the general language of the original act. This it did not do. Instead it left undisturbed the original act which included abutting railway property and added thereto an amendment purporting to grant additional power to assess railway property.

The introductory language of the next to the last sentence of the amendment, "the governing body of any municipality shall have power to assess against the owner or owners. of any railroad or street railroad occupying or abutting," is in the form of a grant of power rather than an exemption. Nevertheless, counsel for the railway company maintain that the word *abutting* was inserted therein to exempt abutting railway property from assessment.

In that portion of such sentence which reads, "the whole cost of the improvement between or under the rails and tracks of said railroad or street railroad, and the two feet on each side of said track or tracks," the legislature dealt with the assessment proper or the cost to be assessed, and not with the person or property against which the assessment should be made. It dealt also with the cost of a limited portion of the improvement, to-wit, the improvement between or underneath the tracks and for two feet on both sides thereof. Since it was dealing with the cost of a specific portion of the improvement and used the railway rails and tracks to locate and define that portion, it of course referred to only that portion of the railway property which occupied or is situated within the improved section of the street.

A railway which crosses, or a part of which is situated within the improved section of a street, both abuts upon and occupies such street. In an exceptional case the whole of a railway might occupy or be situated within the improved section of a street. In such a case it would occupy but not strictly abut upon the street. Such an exceptional instance existed in Albuquerque when this statute was enacted. One of the street railways was wholly situated within a street. It connected with another street railway, the property of which both abutted upon and occupied the city streets.

The language last above quoted clearly shows that the legislature by such amendment was providing for an assessment only in cases where a railroad in whole or in part occupies the improved section of a street. It was providing for those specific situations.

In that portion of such sentence which reads, "the governing body of any municipality shall have power to assess against the owner or owners of any railroad or street railroad occupying or abutting any highway," the legislature undertook to specify the person against whom the assessment might be made. In designating such owners, it referred to the railroad as a whole and not to a limited portion thereof lying within the section of the street improved, but it necessarily referred only to a railroad occupying in whole or in part the improved section of the street, because of the provision which limits the assessment to the cost of the improvement between or under the rails and tracks and for two feet on each side thereof.

Since abutting railroad property, to come within the purview of this amendment, must not only abut upon but also in part occupy the portion of the street improved, the word *abutting* must have been used in the sense of abutting and occupying. Therefore, instead of saying "a railroad, the whole or a part of which is situate within the improved section of the street", which is necessarily implied, the legislature, in designating the owners against whom the assessment should be made, referred to the railroad as a whole and used the word *abutting* in the sense of abutting and occupying, and the word *occupying* in the sense of wholly occupying; *abutting* and *occupying* applying where the railroad was partially within and partially without the improved section of the street, and *occupying* applying where the railroad was wholly within the improved section of the street.

Counsel for defendants also bottom their contention upon the language of the amendment providing for the assessment of the cost of improving street intersections. They assert that the clause, "except the share to be paid by street or other railway companies," shows an intent to exempt abutting railway property from assessment for cost of improving the street intersections. We cannot agree with this contention. The clause is an exclusion of a portion of the cost of improving the intersections instead of an exclusion of a portion of the abutting property from assessment therefor. In other words, the amendment provides that the cost of improving that section of the street intersection situated between or under the tracks of a railway company and for two feet on both sides thereof shall be assessed against

the railway company, and the balance of the cost of improving intersection shall be assessed against the abutting property including abutting railroad property.

Furthermore, at the time this amendment was adopted, there was an optional improvement statute in New Mexico known as the Petition Proceeding Law, chapter 22, N. M. Laws 1913, as amended by chapter 40, N. M. Laws 1915, and chapter 157, N. M. Laws 1919, sections 90-1219 to 90-1230, inclusive, N. M. St. Ann. 1929, which provided for the assessment of the whole cost of that portion of the improvement between or under the tracks of a railway company and for two feet on both sides thereof against the railway company, and for the assessment of the balance of the cost of the improvement against abutting property including abutting railway property. Under this optional statute, proceedings are initiated by petition of abutting property owners. Under the statute involved in the instant case, proceedings are initiated by the provisional order of the governing body of the city or town. In other respects the statutes are substantially alike. There is no rational basis for making abutting property of railway companies liable for assessment for the cost of such improvement when the proceedings are initiated under such a provisional order, and exempting it therefrom when the proceedings are initiated under such a petition; and it is unreasonable to impute such intention to the legislature when it enacted the 1919 amendment.

It is our opinion that the specific language of the amendment and the provisions of the street improvement statutes considered as a whole compel the conclusion that abutting property of the railway company was subject to assessment for the cost of such improvement.

■ Counsel for defendants further assert that it is against public policy to permit a lien for local improvements to be foreclosed against a fragment of railway property, because the result would be the dismemberment of a common carrier.

The rule that an assessment for public improvements cannot, in the absence of specific statutory authority, be enforced by a sale of a portion of the right-of-way of a railway against which the assessment is levied, even though the assessment itself is valid, on the ground that public policy forbids the dismemberment of a common carrier, finds support in many adjudicated cases. See note 37 A. L. R. 243. However, a number of courts, including the Supreme Court of the United States, have held otherwise. Choctaw, O. & G. R. Co. v. Mackey, 256 U. S. 531, 41 S. Ct. 582, 65 L. Ed. 1076; Illinois C. R. Co. v. East Lake Fork Special Drainage Dist., 129 Ill. 417, 21 N. E. 925; Wabash Eastern R. Co. v. East Lake Fork Special Drainage Dist., 134 Ill. 384, 25 N. E. 781, 10 L. R. A. 285; Troy & L. R. Co. v. Kane, 9 Hun (N. Y.) 506, affirmed 72 N. Y. 614. The New Mexico supreme court has not passed on the question and therefore we are bound by the decision of the United States Supreme Court.

■ Sections 3670 and 3671, supra, as amended by chapter 152, § 4, N. M. Laws 1919, provide that the amount assessed under the provisions of section 3669, as amended, against each lot or parcel of land shall be a lien thereon with the effect of a first mortgage from the time of such assessment, and that such lien may be foreclosed in the same manner as a mortgage on real estate. We think these sections clearly provide for a lien against abutting railway property and for the foreclosure thereof. There is no constitutional inhibition against such a legislative provision; it is solely a question of state policy. Northern Pac. R. Co. v. Richland County, 28 N. D. 172, 148 N. W. 545, L. R. A. 1915A, 129, Ann. Cas. 1916E, 574; Ludlow v. Cincinnati Sou. R. Co., 78 Ky. 357; Georgia R. & Elec. Co. v. Atlanta, 144 Ga. 722, 87 S. E. 1058; Louisville & N. R. Co. v. Barber Asphalt Co., 197 U. S. 430, 25 S. Ct. 466, 49 L. Ed. 819.

Moreover, it is to be supposed that, if the validity of the assessment is established, the railway will pay its obligation without resort to foreclosure proceedings. If it is unable to do so and a foreclosure will result in the dismemberment of the physical property of the railway company, the court below, proceeding on the equity side, will no doubt find some other way to protect the town as a creditor without resort to foreclosure sale.

The decree is reversed with instructions to overrule the motion of defendants to dismiss the bill of complaint.

The costs of this appeal will be assessed against defendants.