CASE 67.—ACTION BY CITY OF MAYSVILLE AGAINST THE MAYSVILLE STREET RAILROAD & TRANSFER CO TO ENFORCE PAYMENT OF A TAX FOR A STREET IMPROVEMENT.—March 19.

# City Maysville v. Maysville St. Ry. & Tr. Co.

Appeal from Mason Circuit Court.

J. P. HARBESON, Circuit Judge.

From the judgment the plaintiff appeals—Affirmed. Affirmed.

1. Statutes—Construction—Meaning of Words.—In reaching a proper construction of a statute, words, unless a technical meaning is to be given them, must be understood in their ordinary signification.

2. Same—Statutes Imposing Taxes—Construction.—Tax laws will not be enlarged by intendment, and no property will be held as embraced within the terms of a tax statute by implication.

3. Municipal Corporations—Street Improvements—Assessments—Property Liable.—Ky. St. 1903, sections 3564, 3566, 3567, 3571, 3572, providing that the original construction of any street, etc., may be at the exclusive cost of the owners of "the lots and parts of lots or lands" abutting on the street improved, etc., when corrected by substituting the word "of" for the word "or" in the quoted clause, and when considered in connection with the history of the legislation as shown in section 3564, providing that the construction of any street may be made at the cost of owners of lots in each fourth of a square

apportioned according to the number of square feet, and as amended by Acts March 24, 1894, p. 350, c. 114, section 5), constituting section 3572, does not authorize a municipality to assess for a street improvement a street car franchise to operate a line of road in the center of the street improved.

J. M. COLLINS for appellant.

THOS. R. PHISTER of counsel.

1. It is the contention of the appellant that the language of the ordinance and in the various sections of the statutes relative to the improvement of streets by original construction, and that by the language used the legislative intent was, that all real estate touching the improvement should bear its equitable part of the cost of the construction.

2. In other words, that when the Legislature adopted the language in section 3572 and similar language in other sections of Ky. Stats., relative to improvements of this kind, it did not intend that any part of the cost of said improvement should be assessed or charged against a street railroad company. having its right of way and tracks running through the streets so improved.

## AUTHORITIES CITED BY APPELLANT.

Ky. Stats., 3567, 3572 and other sections under subdiv. 9, c. 89, Ky. Stats; City of Chicago v. Baer, 41 Ill., 306; Parmelee v. City of Chicago, 60 Ill., 267; Jacksonville R. R. Co. v. Jacksonville, 114 Ill., 562; Kuehner v. City of Freeport, 17 L. R. A., 774; C. R. I. & P. v. City of Moline, 41 N. E., 877; C. & P. St. R. R. Co. v. City of Chicago, 176 Ill., 501; City of New Haven v. F. H. & W. R. Co., 38 Conn., 422; B. & M. R. R. Co. 32 Cal., 499; N. I. R. R. Co. v. Connelly, 10 Ohio State, 159; Louisville v. Figg, 75 S. W., 269; L. & N. R. R. Co. v. Barber Asphalt Co., 76 S. W., 1097, 197 U. S., 428; Newport St. R. R. Co. v. City of Newport, 1 Ky. Law Rep., 124; City of Ludlow v. Cinn. Southern R. R. Co., 78 Ky., 363; Louisville St. R. R. Co. v. Louisville, 8 Bush, 422; Webster, Bouvier and Anderson Dictionaries, 1 Cyc. p. 220, 5 Cyc. p. 860; Indianapolis R. R. Co. v. Capital Paving Co., 54 N. E., 1076; Lexington v. McQuillan heirs, 9 Dana, 513; Hamilton on Special Assessments, 285; The Illinois Central R. R. Co. v. Decatur, 1 L. R. A., 613; C. R. I. & P. R. R. Co. v. Ottumwa, 51 L. R. A., 763, dissenting opinion; Lake St. E. L. R. R. Co. v. Chicago, 47 L. R. S., 624; West Chicago, 53 N. E., 112),

City Maysville v. Maysville St. Ry. & Tr. Co.

WORTHINGTON & COCHRAN for appellee.

POINTS AND AUTHORITIES.

The right of way and road bed of a street railway do not front or abut or border on the street in which it is built and operated. Therefore such property cannot be assessed for any portion of the cost of the original construction of such street under section 3572 Kentucky Statutes. (Indianapolis R. Co. v. Capitol Paving Co., 24 Ind. App., 114; Peru & Indiana R. Co. v. Hanna, 68 Ind., 562; Figg v. L. & N. R. Co., 75 S. W. Rep., 269; Adams County v. City of Quincy, 22 N. E. Rep., 624; South Park Commissioners v. Chicago Ry. Co., 107 Ill., 105; Oshkosh City Ry. Co. v. Winnebago County, 89 Wis., 435; O'Reiley v. City of Kingston, 114 N. Y., 439; Houston City St. Ry. Co. v. Storrie (Tex.), 44 S. W. Rep., 693; Koons v. Lucas, 52 Iowa, 181; Kuehner v. Freeport, 143 Ill., 92; Jacksonville R. Co. v. Jacksonville, 114 Ill., 562; Northern Indiana R. Co. v. Connelly, 10 Ohio St., 159).

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

On April 26, 1906, the city council of Maysville passed an ordinance for constructing with brick Second street from the west margin of Wall to the east margin of Market street; and Third street from the west margin of Wall to the east margin of Bridge street, at the exclusive cost of the owners of the lots and parts of lots or land fronting or abutting or bordering thereon, pursuant to section 3572, Ky. St. 1903. The language of the ordinance describing the property that should bear the cost of the improvement is identical with the language of the statute. The tax levied by the ordinance was the tax it was empowered to levy by the section of the statute.. After the completion of the streets, the city council proceeded to apportion the cost thereof. The statute and the ordinance under which the streets were constructed both commanded the city council to apportion the cost of the streets to the owners of lots and parts of lots or land "fronting

or abutting or bordering thereon, according to the number of front feet owned by them, respectively.'' Under this power the council undertook to apportion $3,226.46 to appellee, the Maysville Street Railroad & Transfer Company, on the street railroad owned by it, which runs in Second Street the whole length of the brick improvement 1,504 feet, and in Third street, from market to Bridge, a distance of 1,480 feet. Appellee refused to pay this assessment, and thereupon this action was brought against it to enforce payment pursuant to section 3575, Ky. St. 1903. The court below sustained a demurrer to the petition, and, on appellant's declining to plead further, dismissed the petition. From this judgment, appellant prosecutes this appeal.

It is not alleged or claimed that appellee is the owner of any property, except the street railroad located in and running longitudinally over the surface of the streets improved. A discussion of the questions involved on this appeal necessitates a consideration on our part of certain sections and parts of sections of the Kentucky Statutes (charter of cities of the fourth class) which, in so far as pertinent to our inquiry, are as follows:

"Sec. 3564. The original construction of any street, road, alley or avenue may be made at the exclusive cost of the owners of lots in each fourth of a square, to be equally apportioned by the board of council, according to the number of square feet owned by them respectively, except that corner lots (for twenty feet front, and extending back as may be prescribed by ordinance), shall pay twenty-five per cent. more than others for such improvements. Each subdivision of territory bounded on all sides by principal streets shall be deemed a square. When the territory con-

tiguous to any public way is not defined into squares on either or both sides by principal streets, the ordinance providing for the improvement for such public ways shall be the depth on the side or sides not defined in the square fronting said improvement, to be assessed for the cost of making the same, according to the number of square feet owned by the parties, respectively, within the depth as set by ordinance: Provided, that any city may provide by ordinance that such original construction shall be paid by the city, either in whole or in part."

"Sec. 3566. The cost of making sidewalks, including curbing and guttering, whether by original construction or by reconstruction, shall be apportioned to the front as owned by the parties respectively fronting said improvements, except that each corner lot shall have its sidewalk intersection included in its frontage.

"Sec. 3567. A lien shall exist for the cost of the original improvement of the public ways, market space, public square or grounds,, wharves, levees, for the construction and reconstruction of the same, to take effect from the passage of the ordinance ordering the improvement; for the apportionment and six per centum per annum interest thereon, against the respective lots or parts of lots of land fronting or abutting upon the improvement, superior to all other liens. * * *"

"Sec. 3571. The clerk of the council shall issue warrants against the lot-owners in favor of the contractor stating the amount due him, which shall bear interest from time of the acceptance of the work by the city engineer, and specifying the name of the owner, and give a short description of the lots subject to lien. * * *"

"Sec. 3572. The original construction of any street,

road, alley, market space, lane, public square or grounds, wharves, levees, or avenue, may also be made at the exclusive cost of the owners of the lots and parts of lots or land fronting or abutting or bordering upon the grounds so improved, to be equally apportioned by the board of council according to the number of front feet owned by them respectively upon the petition of the majority of the property owners of lots or parts of lots or grounds abutting or bordering upon the ground to be improved: Provided, however, that the said board of council may cause the same to be done without petition from the owners of lots and parts of lots or land fronting or abutting or bordering upon the ground to be improved, if two-thirds of the members-elect of the said council, at the regular meeting thereof, as provided in section 3567, shall concur therein.''

On this appeal it is insisted for the city that the appellee's franchise in the streets improved is within the description of the property which the charter above set forth requires to bear the cost of the improvements. If this proposition can be maintained, it certainly will be a novel one in this State, as it has never been claimed before, so far as we know, that a franchise to operate a street railroad in a street to be improved constitutes property fronting or abutting or bordering upon it. Section 3572 prescribes the property which shall bear the burden of the original construction of any highway in cities of the fourth class. Section 3567 gives a lien on the property liable for the improvement. Section 3572 provides that the original construction of a street may be at the ''exclusive cost of the owners of the lots and parts of lots or (of) land fronting or abutting or bordering upon the grounds so improved, to be equally apportioned by

the board of council," etc.   Before entering into a
more particular discussion of this statute, we shall
pause to point out that the word "or" in the above
quotation from the statute between "lots" and "land"
is clearly a mistake, and should be "of."  This is man-
ifest from the structure of the sentence itself, as "or"
would leave the expression "lots and parts of lots"
unfinished.  But, without lingering upon this, it be-
comes clear that "of" was intended by comparing the
language with that used in section 3567, which gives
a lien for the improvement.  Of course, the lien is
given upon the same property that is bound for the
cost.  Turning now to section 3567, we find that "a
lien shall exist for the cost of the original improve-
ment of the public ways, * * * against the respective
lots or parts of lots of land fronting or abutting upon
the improvement, superior to all other liens," etc.
So that there can be no question that the word "or"
in section 3572 was intended to be "of."  With this
correction of the language of section 3572, it becomes
plain that a street car franchise to operate a line of
road in the middle of a street is not a lot or a part of
a lot of land "fronting or abutting or bordering upon
the street."  The appellant's line does not, in fact,
front or abut or border on the street improved, but is
in the street and a part of it.  The words "fronting,"
"abutting," and 'bordering" are relative terms, and,
as used in the statute before us, they describe the
position of the property which is to bear the cost of
the improvement with relation to the position of the
improvement made.  The property to be taxed is
something different from and foreign to the improve-
ment for which it is to be taxed, and is ascertained by
a reference to the improvement.  The improvement is
the street, and it is named.  The property to be taxed

is described with reference to the street. It is described as bordering on the street, or as abutting on the street, or as fronting on the street. In reaching the proper construction of a statute, words, unless a technical meaning is to be given them, must be understood in their ordinary signification. Bearing this rule in mind, if we say that a house abuts on a street, or that it borders upon a street, or that it fronts on a street, we do not mean to be understood that it is located in the middle of the street. If a witness should depose that A. at a given time was standing in a street, certainly no jury or court would understand by this language that the man was standing on a lot fronting or abutting or bordering on the street. So that, taking the words of the statute in their ordinary signification, it is difficult to escape the conclusion that the property to be taxed is something different from, and not a part of, the improved highway.

We think our conclusion as to this is strengthened by a comtemplation of section 3564, which describes the property to be taxed for the original construction of a highway under the charter of cities of the fourth class as first enacted; section 3572 being an amendment of the act passed March 24, 1894 (Acts 1894, p. 350, c. 114, section 5). Turning now to section 3564, we find that the original construction of any street may be made at the exclusive cost of the owners of lots in each fourth of a square, "to be equally apportioned by the board of council according to the number of square feet owned by them respectively," etc.; and then a square is defined as a "subdivision of territory bounded on all sides by principal streets." If the improvement in question had been made under the charter as originally enacted, it would not be claimed that the street car company's franchise to use the

middle of the street should be taxed for the improvement, because the improvement must be made at the exclusive cost of owners of lots in each fourth of a square, and of necessity this excludes the idea that property out of the square could be taxed. Now, it is manifest that the change made in the manner of taxing the cost of improving a highway from that provided in section 3564 to that provided by section 3572 is simply a change from an apportionment of the cost on the square feet in the quarter squares bordering the improvement to an apportionment on the front feet abutting thereon; the language of section 3572 being: "To be equally apportioned by the board of council according to the number of front feet owned by them respectively." It is not conceivable, if the Legislature intended to make so radical a change in the character of the property to bear the cost of the original construction of a highway as would have been affected if appellant's construction of the statute before us be sound, that language would not have been used which would have shown that intention plainly. The only change that the language in section 3572 indicates is, that from apportioning the cost on the number of square feet to an apportionment according to the number of front feet.

The city insists that some force should be given to the different words used in describing the relation of the taxed property to the improved highway; it being said that the Legislature would not have used the words "fronting," "abutting," and "bordering" unless they meant something different by each of them. Giving this argument its full force, it will be observed that the words are made to apply to improvements on several different kinds of public highways. The statute provides for the improvement by

original construction of "any street, road, alley, market space, lane, public square or grounds, wharves, levees, or avenue." As there were so many different kinds of highways embraced in the statute, it was doubtless thought that the words "fronting," "abutting," and "bordering" should all be used so as to properly describe the relative position of the property to be taxed with reference to any and all the different kinds of highways that might be improved. It is elementary that taxing laws will not be enlarged by intendment, and no property will be held as embraced within the terms of a taxing statute by mere implication. To impose taxes on property requires a clear and explicit command of the sovereign power; and the courts will never strain a taxing statute in order to make it embrace property which would otherwise not fall within its purview. Turning now from the words of the statute to its reason and spirit, it would in our opinion be difficult to frame a reason for including appellant's franchise within its terms. Franchises such as that involved here may be of a long or a short duration. They may be granted for a few months or a year, or for a longer or shorter term of years; but, if the city's contention is sound, it would be immaterial whether the franchise was for one year or fifty—it would have to bear its proportion of the cost of making any original improvement of the street during the term of the franchise. Moreover, if appellee's franchise to operate a street car line in the middle of the street falls within the terms of the statute as being "lots or parts of lots fronting or abutting or bordering" on the improvement, then every telephone, telegraph, or electric line whose poles are set in the highway would equally fall within its meaning. And it would be difficult to give a reason

why a franchise to operate a gas plant with gas pipes running under the street would not also come within the description of property to be taxed for the improvement, because all of these could as truly be said to front or abut or border on the improvement as does the street car line. And it is not impossible that there might be three different street car lines in the same public highway, although this would hardly happen in a city of the fourth class; but in some of the metropolitan cities there are surface, elevated, and subway car lines in the same highway, and, in a case of this sort, all three would be required to bear their respective proportions of the improvement of the highway in question. We are cited to some highly respectable authority from other jurisdictions, some of which are said to support the theories of each of the parties litigant here. Assuming it to be true that the decisions cited from foreign jurisdictions are as conflicting as is claimed for them by counsel on both sides of this case, we feel emboldened to construe our own statute in the manner we think its language and its reason require. Taking the language of the statute in its natural and ordinary acceptation, we have no difficulty in reaching the conclusions that the property to be taxed for the improvement is the land on either side of the streets improved, and that the franchise to operate a street car line along the middle of the surface of the street, is not embraced within the words "lots or parts of lots fronting or abutting or bordering" upon the improvement.

The conclusion we have reached is still further strengthened by a consideration of the following language to be found in section 3575: "All property fronting or abutting or bordering upon said improvement belonging to the city shall be considered and

assessed as property belonging to individuals. * * *''
Ordinarily this would be construed to refer to lots
of land belonging to the city fronting or abutting or
bordering upon the improvement; but, if appellant's
contention in this case is true, then the street itself
is property belonging to the city which must be taxed
as is the property of individuals, for certainly, if the
street car franchise to operate over the street is prop-
erty within the purview of the statute, the street itself,
which belongs to the city, must also be property to
be assessed for its own improvement. Of course, this
argument is suicidal; but it carries with it the con-
tention of appellant as to the liability of the property
of appellee. The cases of City of Louisville v. Figg,
116 Ky. 135, 25 Ky. Law Rep. 350, 75 S. W. 269, Louis-
ville & Nashville Railroad Co. v. Barber Asphalt
Paving Co., 116 Ky. 856, 76 S. W. 1097, and City of
Ludlow v. Cincinnati Southern Railway Co., 78 Ky.
363, are not authority for the position of appellant in
this case. There the railroads owned perpetual and
exclusive rights of way over lots of land abutting on
the improvement; and it was held that this perpetual
and exclusive right of way constituted land to be
assessed for making contiguous improvements, and
that the remote possibility of reverter was an imma-
terial consideration. In other words, this was such
ownership of lands contiguous to the improvement as
to fall within the taxing district marked out by the
statute. This obviously has no bearing on our ques-
tion. Judgment affirmed.

Petition for rehearing by appellant overruled.