### Kentucky Traction & Terminal Company v. Carey-Reed Company, a Corporation.

(Decided May 18, 1920.)

#### Appeal from Fayette Circuit Court.

1. Municipal Corporations—Railroad Property—Street Construction. —A city, by ordinance, contract or franchise, may require a

street car company or interurban line to bear its proportion of the cost of constructing or reconstructing streets along which the car line runs.

2. Municipal Corporations—Railroad Property.—An interurban line although a trunk line is not exempt from the operation of a general law of the city requiring it and all other railroads and street car lines to contribute to the construction and maintenance of the street over which its line is projected.

3. Municipal Corporations—Railroad Property—Street Construction.—A city of the second class may independently of contract or franchise, require a street railroad company to bear its reasonable proportion of the cost of street improvement and assess the cost thereof against the property of the company.

ALLEN & DUNCAN for appellant.

MILLER & MILLER and H. E. ROSS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Lexington is a city of the second class, and in the construction and maintenance of its streets and public thoroughfares it is governed by section 3096 to and including 3104, Kentucky Statutes.

In July, 1916, appellee, Carey-Reed Company, a construction corporation, filed this action in the Fayette circuit court against Kentucky Traction & Terminal Company and others to recover $2,976.42, alleged to be the traction company's ratable portion of the cost of paving, guttering and otherwise improving Angliana avenue in that city, which work had been done by the Carey-Reed Company under contract with the city pursuant to an ordinance passed by the board of commissioners in December, 1913, and a general ordinance of the city prescribing regulations and specifications for the improvement of its streets.

The traction company admitting its ownership and operation of an interurban electric railroad extending from the heart of the city of Lexington along South Broadway to the intersection with Angliana avenue, thence along said avenue to the city limits, denied its liability for any part of the cost of the construction or improvement of said thoroughfare on account of its right of way and line of road being situated therein. It also admitted that the city had duly enacted an ordinance for the improvement of said avenue in the way and manner the work had been done, and that all steps had been

properly taken by the municipality in order to fasten liability for the cost of the improvement upon abutting landowners; but it asserted that it was not an abutting landowner, and therefore not responsible for any part of the cost and also assigned the following reasons:

(a)  It acquired from the rightful landowners and then and now owns the right of way over which its line of road was projected along Angliana avenue before that thoroughfare was laid out and established by the city.

(b)  Being a trunk line railroad and not a street railway it is not liable under section 3096, Kentucky Statutes, for the cost of such street improvement.

It appears that the appellant traction company is the successor of two or three other corporations which owned and operated different parts of the system of interurban roads now owned by it and that the right or franchise for a part, if not all, of the line, inside the city of Lexington was granted to one or the other of its predecessors, and that it has been operating under the contract or franchise made and granted by the city to its predecessors. It also reasonably appears from the evidence that Angliana avenue was laid out and used as a public thoroughfare in that city for several years before the construction of the interurban line now in question. The franchise under which the traction company now operates was granted November 1, 1906, and contains the following provision:

"The said grantees shall forever keep and maintain in good condition and repair such portions of said streets and the street crossings upon which they actually construct a track as herein provided, and said track shall be so laid as to conform to the grade of the street, as fixed and established by the general council or its authorized agent, and the space between the rails and for eighteen inches on each side of said tracks shall be by said grantees filled with macadam, or other material used upon said streets and upon said crossings to the substantial level of the rails, and thereafter kept in good repair by said grantees. Should said city at any time or from time to time, change the material of which the streets through which said railroad runs is constructed, and construct or rebuild the same or any portion thereof with vitrified brick or any other material than macadam, said grantee shall at the same time the city makes such change, and on the demand of the mayor or general coun-

cil of the city of Lexington, rebuild or reconstruct the space between the rails of its road and for eighteen inches on each side of said rails through such portions of said streets which are thus rebuilt or reconstructed by the city, with the same kind of material that is used by the city, or such other material as may be agreed upon and such portions of said streets thus rebuilt or reconstructed by said grantees, shall be made with the remainder of said street so reconstructed by the city. Said grantees shall lay their tracks in said reconstructed street portions thereof with rails of like weight and material now used by the Lexington Railway on West Main street, unless otherwise provided by general council."

The traction company was granted the right to construct and maintain its road over and along certain named streets, but Angliana avenue was not named as one of those over and through which the company should have a right of way, and it therefore argues that it is not bound to build or pay for the construction of any part of this street inasmuch as it acquired its right of way before the street had become a part of the system of thoroughfares of the city, and the city had no power or right to require it to assist in the maintenance of the street which was established after the construction of the traction line. It also pleads that in purchasing its right of way along Angliana avenue it paid to Anglin the sum of $1,500.00, and to Bailey $437.50, and these parties executed to it deeds giving it an absolute right to build and maintain its road along the avenue mentioned, upon the condition, however, that said avenue was to be kept open and maintained as a public thoroughfare. Further pleading it says:

"This defendant says that its track on Angliana avenue has at all times and is now used as a part of the interurban trunk line railroad hereinbefore mentioned and for no other purpose and in no other way and has never been used at any time as a street railway or as a part of the street railway system formerly owned by the Lexington Railway Company and now owned and operated by this defendant. This defendant denies that the city of Lexington has authority under its charter or under section 3096 of the Kentucky Statutes. which is a part of its charter, or under ordinance 2876 filed with the answer of the Cincinnati, New Orleans & Texas Pacific Railway Company and others and marked for identifica-

tion "exhibit B," to assess against this defendant or its property any part of the cost of constructing Angliana avenue, and says that the attempt on the part of said mayor and commissioners by ordinance No. 871 to assess against this defendant and its property the sum of $2,976.42 is invalid and void."

To this answer plaintiff filed a general demurrer which was sustained. Appellants declining to further plead, and the cause being regularly submitted, judgment was entered ordering and adjudging that the Kentucky Traction & Terminal Company "is liable for the tax assessed against it under the ordinance set out in the petition for and on account of the construction of Angliana avenue in the sum of $2,976.42, with interest thereon at the rate of six per centum." Damages were also awarded for failure to comply with the assessment as prescribed by law. From this judgment the traction company appeals and the Carey-Reed Company prosecutes a cross-appeal against the C. N. O. & T. P. Railway Company and several other defendants, all owners of lands abutting on Angliana avenue, and alleged to be liable for the cost of the construction of the avenue, which parties defendant by a judgment of the court entered at the same time as the one above recited against the traction company, discharged and acquitted them. These last named parties, several in number, were all joined as defendants by the Carey-Reed Company, averring that they were responsible for the $2,976.42 assessed against the traction company, if the traction company was not liable therefor; but in case the traction company was held to pay same, then the other defendants were not liable.

Under section 3096, Kentucky Statutes, a city of the second class, having a street railway, may require it either by franchise contract or ordinance, to pave and improve its proportionate part of the streets and alleys over and through which it passes and assess the cost thereof against the city railway company. The section, so far as it affects this litigation, reads:

"When in any such city, having therein a street railway, the railway company is required by law or by its franchise or by any contract with the city, to pave or improve any part of the streets or alleys of the city proposed to be improved the cost of paving such portion of such streets or alleys shall be assessed against such

railway company and a tax shall be levied upon all property, assets and franchises of such company in the city for the payment thereof."

By a general ordinance of the city of Lexington, it is provided:

"Sec. 4. Assessment of Cost.—The cost of such improvement shall be paid by assessment of a special or local tax on the abutting lots and parcels of land in the manner provided by law, the city paying for the improvements of intersections of other streets, but mere repairs not amounting to a reconstruction or resurfacing, shall be paid for by the city out of its general funds; provided the improvement of that part of any street lying between the rails of the tracks of the Kentucky Traction & Terminal Company and eighteen inches outside thereof, and between its double tracks, including repairs to such portions of the street, shall be paid for by said railway company and be assessed against its property as provided by law."

The question is, did the answer of the traction company present a defense in the light of the sections of the statutes and city ordinances upon which the city relies? In a somewhat similar case, City of Newport v. Silva, reported in 143 Ky. 704, we held that the general council of a city of the second class, such as Lexington, may independently of any contract or requirement of the company's franchise, require a street railway company to bear its reasonable and proportionate part of a street improvement, and to assess the cost on all its property, assets and franchise. In discussing the question, we said:

"The statute, however, does not limit the right to assess the cost of such improvement upon the street railways only that were required by their franchise or contract with the city to pave or improve, but gives the same right as to each railway company that is required by law to pave or improve. While it is doubtless true that where the general council is given the right only to assess the cost of improvement upon abutting property owners, no right exists to assess any portion of such cost upon street railway companies, as they are in no sense abutting property owners (City of Maysville v. Maysville Street Railway Company, 128 Ky. 673), yet, if there be legislative authority to assess any portion of the cost upon street railways, we see no reason why it

may not be done; indeed, with few exceptions, the right to do so has been uniformly upheld. Street Railway Company v. City of Chicago, 176 Ill. 501; City of New Haven v. Railway Company, 38 Conn. 422.

The appellant entered on the streets of the city of Lexington under the franchise granted by the city to the traction company and its predecessors, and in accepting the benefit of those grants from the city the traction company assumed all the liabilities and responsibilities incident thereto. Section 3096 is a part of the charter of the city of Lexington, and all other cities of the second class, and the city had the power to pass a general ordinance requiring street railways and interurban lines to contribute to the cost of the improvement of streets along which their lines were projected.

Even though the interruban line was built along Angliana avenue before it was opened for public travel by the city, we are of opinion that the ordinances took effect and became binding upon the traction company as soon as Angliana avenue became a public street of the city; and the traction company was liable for its proportionate part of the cost of constructing that thoroughfare. Neither do we regard as important the fact that appellant traction company obtained an easement by deed from the landowners along Angliana avenue before it was open to the public, if they did indeed do so. These grants were upon condition that the thoroughfare should be kept open for the use of the public.

With respect to the contention of appellant that it is not liable for any part of the cost of constructing the avenue in question because appellant is a trunk line railroad and not a street railway, it will be sufficient to say that under subsection 5 of section 768, Kentucky Statutes, it could only enter the city and traverse its streets upon such terms and conditions as might be agreed upon between it and the city, which terms and conditions in this case were prescribed by the city franchise granted to it and its predecessors, and its ordinances respecting the improvement of streets along the tracks of railways in the city.

We conclude therefore that the court properly sustained the demurrer to the answer of the appellant traction company and adjudged it liable for its proportion of the costs of the construction of Angliana avenue. Having reached this conclusion, it follows that the peti-

tion as against the Cincinnati, New Orleans & Texas Pacific Railway Company and others, defendants, was properly dismissed. Judgment is, therefore, affirmed both upon the original and cross appeal.

Judgment affirmed.