## City of Paintsville et al. v. Wells et al.

(Decided June 22, 1934.)

WHEELER & WHEELER for appellants.

KIRK & WELLS for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The city of Paintsville, a city of the fifth class, by an ordinance, the regularity of which is not disputed, adopted plans and specifications for the construction, at the expense of the abutting property owners, of a system of sewers in Margaret Heights, an addition to the city, extending "westwardly along the center line of Fourth Street from the intersection of Elm and Fourth." A contract for the construction of the sewers was let to the lowest and best bidder, the sewers constructed, the assessment therefor properly made against the abutting property owners, and the cost apportioned according to the frontage of the abutting property. The sewer extended along a portion of lots 14 and 15, the property of Julia and Hubert Wells. Lot 14

fronted on the street, 54.7 feet. After this action was filed, the cost of the construction of the sewer in front of lot 15 was paid according to the assessment, thus eliminating the questions concerning it. The sewer extended "a distance of six feet along and in front of Lot No. 14 and a lateral sewer was run from the main sewer 15 feet diagonally across" it.

The circuit court decreed that the city and contractor were entitled to enforce a lien on lot 14 for only 6 feet at the rate of $2.1397, or a total of $12.8382, with interest and costs, with directions to the master commissioner to sell it to satisfy this amount.

The city and the contractor are here insisting the evidence abundantly establishes that the entire frontage of 54.7 received the same benefit from the 6-foot sewer in front of it as if it extended the entire frontage of the lot. And, therefore, under the authority of City of Maysville v. Maysville St. R. & Transfer Co., 128 Ky. 673, 108 S. W. 960, 32 Ky. Law Rep. 1366; City of Mt. Sterling v. Bishop, 228 Ky. 529, 15 S. W. (2d) 416; and Bayes v. Town of Paintsville, 166 Ky. 679, 179 S. W. 623, L. R. A. 1916B, 1027, and the correct construction of section 3643-1, Ky. Statutes, they are entitled to enforce against lot 14 a lien at the rate of $2.1397 of 54.7 feet, the entire frontage of the lot, notwithstanding only 6 feet of the sewer was constructed in front of it. The city and the contractor are correct in their contention that where several lots are thrown together, used in common, and become one piece of property, one special assessment may be made against all the lots for a sewer as if they constituted a single lot. City of Mt. Sterling v. Bishop, supra. Neither this rule nor the language of section 3643-1 authorizes or justifies the apportioning of the cost against the entire frontage of the lot when the sewer is only constructed in front of a portion of it. Only that portion of the lot in front of which the sewer was actually constructed may be assessed and sold for the cost thereof. The language of the statute is:

"The said council may order and direct * * * only of said cost and expense (of construction of the sewer) so incurred shall be paid by the owners of the lands fronting and abutting said improvements."

This language precluded the city assessing and apportioning the cost and expense of the sewer against the land of the owner, in front of which the sewer was not constructed, though the owner may use that portion of the sewer constructed immediately in front of a portion of his lot by installing connections from the sewer to that part of his land in front of which the sewer was not constructed. The language of the statute does not authorize or justify a contrary construction.

The judgment of the trial court is in harmony with our views.

Wherefore, it is affirmed.